**Gail CLEVELAND, Plaintiff,**

v.

**Ed WILLIAMS, H.L. Marcus, and David Lee Wallin, etc., Defendants.**

**No. CV–F–94–5553 ·REC/SSH.**

United States District Court,
E.D. California.

Oct. 18, 1994.

Gail Cleveland, pro se.

Robert Garth Kuhs, Kuhs Parker and Stanton, Bakersfield, CA, Linda Anderson,

U.S. Attorney's Office, Fresno, CA, Diana P. Nowezki, U.S. Dept. of Justice, Trial Atty., Tax Div., Washington, DC, for defendants.

### ORDER RE DEFENDANT'S MOTION TO DISMISS

COYLE, District Judge.

On October 17, 1994, defendant submitted to this Court its Motion to Dismiss. Upon consideration of the written arguments and the record, defendant's Motion is granted.

## I. *BACKGROUND*

Plaintiff Gail Cleveland owns land in Bakersfield in joint title with four other people. She is acting as dominus litis for all owners of the property. On March 28, 1994, defendants Marcus and Wallin, acting in their official capacities as federal I.R.S. agents, seized the property in the process of collecting the federal taxes due by two of the joint owners. They sold the property to defendant Williams. The property owners were not given notice or a hearing before such sale.

Plaintiff filed her complaint pro per in state court and served notice on only the individual defendants. In her complaint, plaintiff alleges that these three defendants have encumbered her title rights and is now jeopardizing their possessory rights to the property. She alleges that defendants are in violation of California Constitution, Article I, Section 7, concerning a citizen's due process of law. Defendants removed the case to this Court.

The Department of Justice now moves to dismiss the United States and individual federal defendants Marcus and Wallin, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1), 12(b)(5) and 12(b)(6), to dismiss for lack of subject matter jurisdiction, for insufficiency of service, and for failure to state a claim upon which relief can be granted. The plaintiff has not opposed the motion.

## II. *DEFENDANT'S MOTION TO DISMISS*

The court adopts defendant's analysis, and based on the following reasons dismisses the complaint.

■ The plaintiff has failed to comply with the service provisions of the Federal Rules of Civil Procedure ("FRCP") Rule 4, and therefore service was defective as to all the federal defendants. See *Williams v. Capital Transit*, 215 F.2d 487 (D.C.Cir.1954); *Gipson v. Bass River Township*, 82 F.R.D. 122 (N.J. 1979). In order to sue individual federal employees for actions taken in their official capacity, FRCP Rule 4(i)(2) requires proper service of the Summons and Complaint upon an officer or agency of the United States by certified or registered mail, in addition to service upon the United States. Service upon the United States is accomplished by personal service upon the United States Attorney for the district in which the action is brought and service by certified or registered mail upon the Attorney General. FRCP Rule 4(i)(1). Here, plaintiff failed to serve the United States. Thus, to the extent that the individual federal defendants are being sued in their official capacities, service was improper and the complaint is dismissed against all federal defendants.

■ Furthermore, the United States may be sued only to the extent it consents to suit by statute, and any waiver of sovereign immunity must be unequivocally expressed. *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Absent a showing by the plaintiff that the United States has explicitly waived sovereign immunity, the court lacks jurisdiction and the case must be dismissed. *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Since the plaintiff has not alleged any jurisdictional basis for this suit, the complaint is dismissed for lack of subject matter jurisdiction.

■ Moreover, plaintiff's complaint fails to state a claim upon which relief can be granted. The complaint challenges a federal tax sale that was intended to collect the taxes of another party. To the extent that the plaintiff's allegations can be construed to assert claims sounding in tort, the plaintiff's exclusive remedy for tortious acts of federal employees acting within the scope of their employment is a suit against the United States

under the Federal Torts Claim Act, 28 U.S.C. § 2671, et seq. The individual federal defendants have been certified as having acted within the scope of their employment and are, therefore, absolutely immune from tort claims asserted against them in their official capacities.

As all of the actions alleged by the plaintiff arise out of tax collection, this action is barred by Federal Torts Claim Act § 2680(c), which specifically exempts from coverage claims against United States "arising in respect of the assessment or collection of any tax. . . ." Finally, even if this absolute bar could be overcome, the plaintiff has failed to allege compliance with a jurisdictional prerequisite—the filing of an administrative torts claim prior to bringing suit under the Act. Failure to so file is a fatal defect. *Spawr v. U.S.*, 796 F.2d 279 (9th Cir.1986). Accordingly, the Complaint fails to state a cause of action under the Federal Torts Claim. Since no action against the United States has been alleged within a waiver of sovereign immunity, the only remaining suit that may be construed from the pleading is one against the individual federal defendants in their individual capacities. However, the complaint fails to allege any constitutional law claims.

In order for plaintiff to have an action against the individual federal defendants, she must make allegations that state the violation of a clearly established constitutional right. *See generally, Mitchell v. Forsyth*, 472 U.S. 511, 517, 105 S.Ct. 2806, 2810–11, 86 L.Ed.2d 411 (1985). If the plaintiff fails to make such an allegation, the individual defendants are entitled to dismissal. *Mitchell*, 472 U.S. at 526, 105 S.Ct. at 2815–16. The complaint here alleges that federal tax collection violated the plaintiff's due process rights under the state of California's constitution. Damage actions arising from federal tax collection are often inappropriate. *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990), cert. denied, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991). Additionally, such damage actions must involve violations of federal constitutional law, rather than state law as alleged. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974).

Further, where Congress has created specific remedies or when a court-created remedy would interfere with the effective functioning of government, courts are reluctant to create damage remedies for violations of constitutional rights. *Schweicker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1987). The Internal Revenue Code provides an extensive scheme to challenge the collection and assessment of taxes as well as the gathering of information by revenue officials. Even if plaintiff has a claim arising from the allegedly improper seizure of the property, her remedy would have been a wrongful levy suit under 26 U.S.C. § 7426. Thus, to the extent that the complaint could be construed to state a claim against the individual federal defendants for constitutional violations, it fails to state a cause of action upon which relief could be granted.

Since plaintiff cannot state a cause of action to challenge the federal tax sale of the land, it follows that she also cannot state a federal cause of action against the subsequent purchaser, Mr. Williams. Therefore, the complaint is dismissed as against all defendants.

ACCORDINGLY, IT IS ORDERED THAT defendant's Motion to Dismiss is granted, and the complaint is dismissed as against all defendants.