77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lewis DEL MARCELLE, Plaintiff-Appellant,
v.
DEPARTMENT OF TREASURY, et al., Defendants-Appellees.
 No. 95-1689.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 28, 1995.*
Decided Jan. 8, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 FACTS
 Lewis D. Del Marcelle resigned from his job with the IRS on January 29, 1990. Del Marcelle claims the resignation was involuntary and that he withdrew it the following day. He requested a review of his resignation by the Merit System Protection Board (MSPB), which found his resignation to be voluntary. Del Marcelle appealed that decision to the Federal Circuit, which affirmed the MSPB's finding. Del Marcelle v. Department of the Treasury, 932 F.2d 980 (Fed.Cir.1991) (unpublished disposition).
 Del Marcelle filed suit against the IRS in 1992, essentially contesting the voluntariness of his resignation and accusing the IRS of violating his civil and constitutional rights. In particular, he claimed that employees of the IRS harassed him, placed him under surveillance, physically threatened him, attempted to murder him, and destroyed his reputation. The court construed his claim as a Bivens action and on September 8, 1994, dismissed Del Marcelle's suit for failure to state a claim on which relief could be granted. As to those portions of Del Marcelle's complaint that challenged the voluntariness of his resignation, the court held that Congress had provided an alternative remedy through the MSPB, and hence precluded Del Marcelle's Bivens suit. As to those portions of the suit that alleged direct attacks against Del Marcelle, the court noted that a plaintiff may not maintain a Bivens suit against a federal agency. Del Marcelle filed an appeal to this court, but then voluntarily dismissed it.
 On April 8, 1994, five months before the district court dismissed his 1992 suit, Del Marcelle commenced the present suit. Again, Del Marcelle named the IRS as a defendant, as well as several other divisions within the Department of the Treasury. Del Marcelle also named as defendants approximately one dozen current or former IRS employees, municipal and county police agencies, the local county prosecutor's office, Congressman Toby Roth, the Office of Personnel Management and the National Treasury Employee Union. Del Marcelle subsequently amended his suit to include the Department of Justice and the two Assistant United States Attorneys defending this case.
 
 
 1
 On April 22, 1994, the United States Attorney for the Eastern District of Wisconsin submitted a motion to the district court, requesting leave not to respond to several motions the plaintiff served upon him. Neither the United States Attorney's Office nor any of the individual federal defendants in the suit had yet been served with process, and the motions (which identified the defendants only as "Department of the Treasury, et al.") were the first notice of the case any of the defendants received. There is no indication in the record that any of the non-federal defendants in this case were served with process, or were ever even made aware of this case's existence.
 
 
 2
 On June 16, 1994, the plaintiff moved for entry of a default judgment against all the defendants, contending that they had failed to respond to his summonses within 60 days. The United States Attorney, in turn, replied to this motion with affidavits from the federal defendants averring that neither the United States Attorney's Office nor any of the individually named federal defendants had been served with process.
 
 
 3
 On July 11, 1994, Del Marcelle submitted to the court photocopies of certified mail receipts dated from April--addressed to the United States Attorney General and various offices within the Department of the Treasury--to prove service of process. He further stated that he would send duplicate copies of the summonses to these defendants. With respect to the remaining defendants, Del Marcelle obliquely referred to 42 U.S.C. § 1983 and stated that he reserved the right to sue government officials who exceeded the authority of their offices. He also stated "[a]t this time, these persons are named in the suit for the purpose of discovery." On July 13, 1994, Del Marcelle supplemented his previous response with photocopies of certified mail receipts dated July 8, 1994, addressed to various offices within the Treasury Department, the United States Attorney General, and the United States Attorney in Milwaukee, Wisconsin.
 
 
 4
 On August 29, 1994, the individually named federal defendants moved to be dismissed from the suit for failure to serve process upon them, and on March 9, 1995, the district court dismissed this action in its entirety. The court held that the only defendant upon whom service of process even arguably had been made was the Department of the Treasury. The court dismissed the Treasury Department sua sponte, holding that Del Marcelle's claims against it had already been adjudicated in his prior (1992) suit. The court dismissed the remaining defendants for lack of service of process pursuant to Fed.R.Civ.P. 4(m). This appeal followed.
 
 Analysis
 
 5
 Del Marcelle raises a number of issues on appeal, only four of which require response. Del Marcelle first argues that he properly completed service of process. He then states that he mailed copies of the summons and complaint to the United States Attorney General in Washington, D.C. and to the United States Attorney's Office. (We assume he is referring to the United States Attorney's Office in Milwaukee, though he does not specify.) Nowhere in either the record below or on appeal does Del Marcelle contend that he served process on any other defendants named in this suit, nor does he argue that he had good cause for failing to do so.
 
 
 6
 Del Marcelle's mailing of copies of the summons and complaint to the Attorney General and the United States Attorney's Office would at best join the Treasury Department as a defendant, per Fed.R.Civ.P. 4(i). This service would not constitute service upon any of the other parties named as defendants. It does not matter whether the other defendants were aware of the lawsuit; "actual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir.1991). Without personal jurisdiction over the other defendants, the district court properly dismissed them from the lawsuit pursuant to Fed.R.Civ.P. 4(m).
 
 
 7
 Arguably, Fed.R.Civ.P. 4(i)(3) mandates that the district court should have allowed Del Marcelle reasonable time to complete service of process on the individual federal defendants because he properly served the Attorney General and the United States attorney. Fed.R.Civ.P. 4(i)(3) states:
 
 
 8
 [t]he court shall allow a reasonable time for service of process under this subdivision for the purpose of curing the failure to serve multiple officers [or] agencies ... of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General of the United States.
 
 
 9
 (emphasis added).
 
 
 10
 But Fed.R.Civ.P. 4(i)(3) refers to service of process under this subdivision--subdivision (i) of Rule 4. See generally Fed.R.Civ.P. 4(i)(3) committee notes; David D. Siegel, The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction, 151 F.R.D. 441, 467-68 (1993). Rule 4(i) deals with service of process on federal officers--but only where federal officers are sued in their official capacities. Cleveland v. Williams, 874 F.Supp. 270, 271 (E.D.Cal.1994); Lowe v. Hart, 157 F.R.D. 550, 552 (M.D.Fla.1994). Federal officers sued in their individual capacities must be served with process in the same manner as any other individual, and Rule 4(i) is inapplicable to them. Robinson v. Turner, 15 F.3d 82, 84-85 (7th Cir.1994).
 
 
 11
 So even if Rule 4(i)(3) gave Del Marcelle any leeway, it was only with respect to his claims against the individual federal defendants in their official capacities. To the extent Del Marcelle was suing the individual federal defendants in their individual capacities (and this would be the only way he could maintain a Bivens suit against them for monetary damages), he still was required to serve them personally. Robinson, 15 F.3d at 85. This Del Marcelle did not do, and thus, the district court correctly dismissed Del Marcelle's claims against the individual federal defendants in their individual capacities.
 
 
 12
 This left only the Treasury as a defendant. Any claim Del Marcelle sought against the individual federal defendants in their official capacities would be, in reality, merely a suit against the government--in this case, the Treasury. Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir.1984), cert. denied, 469 U.S. 825 (1984). The district court found Del Marcelle's present suit against the Treasury to be merely a restatement of his prior suit. The principle of res judicata prohibits a plaintiff from relitigating issues which were raised and decided or could have been raised in a prior action. Golden v. Barenborg, 53 F.3d 866, 869-70 (7th Cir.1995). The dismissal of Del Marcelle's prior suit for failure to state a claim upon which relief could be granted operates as a decision on the merits for res judicata purposes. Cannon v. Loyola University of Chicago, 784 F.2d 777, 780-81 (7th Cir.1986), cert. denied, 479 U.S. 1033 (1987). Thus, once the district court determined that Del Marcelle's current suit merely restated the same claims that he made and lost in his prior suit, the district court correctly dismissed Del Marcelle's current claims against the Treasury Department under the principle of res judicata.
 
 
 13
 Similarly, Del Marcelle cannot maintain his current suit against the individual federal defendants in their official capacities. The individual federal defendants are in privity with the Treasury with respect to official-capacity suits, and so the same res judicata principles apply. Beard, 728 F.2d at 897. Thus, the district court properly dismissed all of Del Marcelle's claims--either because they were barred by res judicata, or because he failed properly to serve the appropriate defendants.
 
 
 14
 Del Marcelle's second claim is that the district court erred by dismissing his suit with prejudice. However, the district court dismissed with prejudice only Del Marcelle's claims against the Treasury. Having already litigated these claims, Del Marcelle cannot litigate them again, in this or any future action. The claims against the remaining defendants were dismissed for failure to serve process upon them, per Fed.R.Civ.Pro. 4(m); accordingly, these dismissals were without prejudice.
 
 
 15
 Third, Del Marcelle claims the district court erred by failing to provide him with notice before dismissing his suit under Fed.R.Civ.P. 4(m). The individual federal defendants filed a motion on August 29, 1994 requesting that they be dismissed from Del Marcelle's lawsuit. At most, then, Del Marcelle can claim that the district court should have provided him with notice that it was considering dismissing the non-federal defendants for failure to serve process.
 
 
 16
 Initially, we note that Del Marcelle was certainly aware that dismissal for failure to serve process was under consideration--he can hardly claim to have been taken by surprise by the court's dismissal of the non-federal as well as the federal defendants. Moreover, Del Marcelle has not made any plausible showing that he was prejudiced by the lack of notice--that is, he has not shown that, had he received adequate notice, he could have demonstrated to the court that he had served process on the non-federal defendants or that he had good cause for failing to do so. Without any showing of unfair surprise or prejudice resulting from the court's dismissal of the non-federal defendants, we see no reason to reverse the district court based on lack of notice under Rule 4(m).
 
 
 17
 Finally, in his Reply Brief in this court, Del Marcelle submitted a motion for extension of time in which to serve process and indicated that he had mailed copies of the summons and complaint in this case to the individual defendants on May 24, 1995. Del Marcelle should have submitted his motion for extension of time to the district court before his case was dismissed; we cannot now consider it. Furthermore, service of process after the case had already been dismissed would be moot.
 
 
 18
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record