# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2025

Lyle W. Cayce
Clerk

No. 25-20261
Summary Calendar

_____

Venisha Arnold,

*Plaintiff—Appellant*,

*versus*

1600 West Loop South, L.L.C., *doing business as* The Post Oak at Uptown Houston; Joshua Barry; Kevin Malonson; Chris Horan; Robert Malonson,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-1337

_____

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Venisha Arnold, a lawyer appearing pro se, sued multiple corporate entities and individuals under 42 U.S.C. §§ 1981, 1983 and state law after her arrest for allegedly impersonating a district attorney. The district court entered a final judgment after dismissing some of Arnold's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

claims with prejudice under federal Rule 12(b)(6) and others without prejudice under federal Rule 4(m).[1] We AFFIRM.

Arnold's operative complaint is largely indecipherable and, even after several readings, the core facts underlying her claims and each Defendant's alleged role in the case remain murky. From what we can discern, Arnold alleges a conspiracy among Joshua Barry, Kevin and Robert Malonson, Chris Horan, 1600 West Loop South LLC, Landry's LLC, and Hospitality Headquarters, Inc. to wrongfully arrest Arnold at the behest of a nonparty billionaire after an unidentified person harassed the billionaire's mistress. Arnold brings state-law claims of defamation and malicious prosecution, a claim under 42 U.S.C. § 1981, and a claim under 42 U.S.C. § 1983 for malicious prosecution and false arrest.

Arnold originally filed suit in state court. Defendants Joshua Barry, 1600 West Loop South, LLC, Landry's LLC, and Hospitality Headquarters, Inc. removed the case to federal court. These defendants then moved to dismiss under Rule 12(b)(6), arguing none of them is a state actor, the complaint does not plausibly plead a § 1981 contract or the elements of a malicious-prosecution claim under state law, and the governing statute of limitations bars Arnold's defamation claim. The district court held a telephonic hearing where it asked Arnold specific questions about her allegations and allowed her to attempt to explain them at length. But Arnold was unable to provide clarity, leading the district court to express its confusion more than once. At the hearing's conclusion, the court granted the Rule 12(b)(6) motion and gave Arnold ten days to replead "against the main defendants." Arnold did not replead. Once that deadline passed, the court invoked Rule 4(m) to dismiss without prejudice the claims against

---

[1] *See* Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 12(b)(6).

No. 25-20261

Defendants Kevin Malonson, Chris Horan, and Robert Malonson because Arnold had never served them with process. The court entered its Final Judgment on June 25, 2025, and Arnold appealed. Our review of the Rule 12(b)(6) dismissal is de novo.[2] Our review of the Rule 4(m) dismissal is for abuse of discretion.[3]

We first address the district court's Rule 12(b)(6) dismissal. The removing defendants argued Arnold's defamation claim was time-barred and that the complaint otherwise lacked plausible allegations requisite to state a viable claim. Arnold does not seriously engage any of these arguments on appeal, and her briefs, much like her pleadings in the district court, are rambling and inscrutable. For example, her opening brief's 26-page argument about the claims dismissed under Rule 12 includes just four superficial citations to caselaw untethered to any argument the removing defendants advanced. Neither the opening nor reply brief coherently explains how the removing defendants—three non-public entities and an employee of one of them—qualify as state actors for purposes of § 1983.[4] Neither identifies the "loss of an actual, not speculative or prospective, contract interest" on

---

[2] *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (stating standard of review for dismissal under Rule 12(b)(6)). Arnold does not assign error to the district court's Rule 12(b)(6) dismissal of Landry's LLC or Hospitality Headquarters, Inc., which constitutes waiver of the claims against those defendants. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

[3] *See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996) (stating standard of review for "dismissal for failure to effect timely service of process").

[4] *See Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994) ("To state a cause of action under § 1983, Appellant must allege that some person, acting under state or territorial law, has deprived him of a federal right.").

account of Arnold's race, as required to state a § 1981 claim.[5] And neither disputes that the defamation claim is time-barred, except to say the statute of limitations "is irrelevant." Taken as a whole, the briefs do not "provide meaningful analyses for each issue" and do not "present more than conclusory allusions as to [Arnold's] arguments."[6] We thus AFFIRM the district court's Rule 12(b)(6) dismissal of Arnold's claims against the removing defendants.

We further find the district court properly exercised its discretion when it dismissed without prejudice Arnold's claims against Defendants Kevin Malonson, Chris Horan, and Robert Malonson. On appeal, Arnold contends she served these individuals in accordance with federal Rule 5 before removal, while suit was pending in state court. But Rule 5 speaks to service of papers *after* service of a complaint and summons. It is Rule 4 that governs initial service of process, and that rule imposes a 90-day period within which such service must occur. When the 90-day deadline expires without service being effected, a court has two options: it must either "dismiss the action without prejudice . . . or order that service be made within a specified time."[7] That the district court chose the former in this case was not an abuse of discretion, especially since Arnold—herself an attorney—

---

[5] *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

[6] *Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 817 (5th Cir. 2024); *see also Willis v. Cleco Corp.*, 749 F.3d 314, 318 n.3 (5th Cir. 2014) (disregarding an argument "giv[ing] scant, if not conclusory attention to the record: citations are minimal, and legal analysis relating facts to the law is largely absent").

[7] Fed. R. Civ. P. 4(m).

knows or should know how to properly serve a defendant under the federal rules and when it's necessary to seek additional time from the court to do so.[8]

Finally, Arnold has twice moved this court to judicially notice that she successfully served Defendants Kevin Malonson, Chris Horan, and Robert Malonson after her case was dismissed. But post-dismissal service is the same as no service at all.[9] Her motions for judicial notice (R. Doc. 8, 22) are thus DENIED and the district court's Final Judgment dated June 25, 2025 is AFFIRMED.

---

[8] *See Olivares v. Martin*, 555 F.2d 1192, 1194 n.1 (5th Cir. 1977) (declining to give a pro se litigant the "liberal construction of his complaint normally given [to] pro se litigants" because he was a licensed attorney).

[9] *See, e.g.*, *Del Marcelle v. Dep't of Treasury*, 77 F.3d 484 (Table), at *4 (7th Cir. 1996) (unpub.) ("[S]ervice of process after the case had already been dismissed would be moot.").