Bruce P. GOLDEN, Plaintiff–Appellant,

v.

David BARENBORG and Salomon Brothers, Inc., Defendants– Appellees.

No. 94–3625.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 15, 1995.

Decided May 12, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied June 29, 1995.

Jody B. Rosenbaum, Bruce Golden (argued), Golden & Associates, Chicago, IL, for Bruce P. Golden.

Michael J. Duhig, Coldwell Banker Residential Real Estate, Oak Brook, IL (argued), for David Barenborg and Salomon Bros., Inc.

Before WOOD, Jr., FLAUM, and EASTERBROOK, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

This is a diversity action brought by appellant Bruce Golden [Golden] appealing the district court's finding that the appellees David Barenborg [Barenborg] and Salomon Brothers, Inc. [Salomon], were not vicariously liable for the actions of Coldwell Banker [Coldwell] in the sale of Barenborg's home to Golden. Golden first sued Coldwell alleging Coldwell misrepresented material facts about the home's condition, which if disclosed would have dissuaded him from purchasing the residence. Specifically, Golden alleged fraud, negligent misrepresentation, and consumer fraud pursuant to Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (Smith–Hurd 1995), *formerly cited as* ILL.REV.STAT. ch. 121½, para. 262 *et seq.* (1991). Golden subsequently settled and released his claim against Coldwell. Golden then pursued the matter

in a new suit against the appellees contending the appellees were vicariously liable under the same claims because Coldwell acted as their agent. In the second suit, Golden additionally alleged the appellees were vicariously liable for Coldwell's breach of an addendum to the Golden–Coldwell sale contract and breach of warranty against Barenborg. The Magistrate Judge held the claims were barred by res judicata. On appeal, the district court found res judicata was not applicable because no settlement stipulation of dismissal with prejudice had been filed.[1] The district court, however, affirmed the Magistrate Judge on the grounds that under Illinois law the appellees were not vicariously liable for the actions of Coldwell whether or not Coldwell was considered an agent. Golden appeals.

## I.

In the fall of 1990, Barenborg was employed by Salomon Brothers. When Salomon transferred Barenborg from Illinois to New York, Salomon engaged Coldwell to sell Barenborg's home. Pursuant to an ongoing agreement, Coldwell Banker Relocation Management Services purchased residences of relocated Salomon employees at fair market value, subject to additional payment if the home was resold at a higher price. Coldwell Banker Real Estate, Inc., would then remarket the residences.

Coldwell purchased Barenborg's home for $330,000.00 by Warranty Deed, but left blank the portion of the deed for the naming of a future grantee. The contract of sale between Barenborg and Coldwell provided that legal title would pass directly from Barenborg to the ultimate buyer. On April 1, 1991, Golden purchased Barenborg's residence through Coldwell for $280,000.00. Soon after buying the home, Golden alleged he discovered several latent defects in the structure and condition of the home. In June 1991, Golden brought suit against Coldwell alleging common law fraud (Count I), negligent misrepresentation (Count II), and a violation of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2 et seq. (Smith–Hurd 1995), formerly cited as ILL. REV.STAT. ch. 121½, para. 262 et seq. (Count III).

Golden claimed that Coldwell knowingly made misrepresentations to him concerning the condition of the home in an effort to induce Golden to buy the home. Specifically, he alleged that Coldwell represented Barenborg was employed by AT & T and was not reachable; that plans and specifications for prior remodeling work on the home were not available; and that Coldwell had no inspection reports or other documents it had not already provided to Golden. Further, Golden claimed that Coldwell was aware of material facts which it had an affirmative duty to disclose pursuant to the Illinois Real Estate License Act of 1983, 225 ILCS 455/1 et seq. (Smith–Hurd 1995), formerly cited as ILL. REV.STAT. ch. 111, §§ 5801 et seq. He alleged that Coldwell failed to disclose that the home had no concrete floor in the basement or concrete foundation; that it had extensive termite damage; that Coldwell had commissioned an inspection report incident to the purchase from Barenborg which disclosed most of the defects and violations of the City of Chicago building code; and that the report "strongly recommended" a structural analysis of the foundation be conducted. Golden claimed reasonable diligence would not have disclosed the defects because the damage was hidden in new flooring, exterior siding, and interior walls. Golden asserted that if the home's true condition had been disclosed, he would not have purchased it.

In Golden's complaint he requested actual damages in excess of $80,000.00, but on the eve of the trial, Coldwell and Golden settled for $60,000.00. In exchange, Golden executed a Mutual Release[2] agreeing to dismiss his

---

1. The parties in this case consented to an appeal from Magistrate Judge Bucklo's ruling to the district court, rather than appealing directly to the Court of Appeals for the Seventh Circuit, pursuant to 28 U.S.C. § 636(c)(4). This court then granted leave to appeal under § 636(c)(5).

2. The Mutual Release is very broad and in pertinent part states:

    I. Release executed in October, 1991, by BRUCE P. GOLDEN AND JODY (ROSENBAUM) GOLDEN (hereinafter referred to as RELEASORS) of Chicago, Cook County, Illinois to COLDWELL BANKER RESIDENTIAL

complaint with prejudice against Coldwell. The parties informed the court they were settling and the court issued an order terminating the case.[3] Neither party, however, filed with the court the stipulated dismissal of the suit with prejudice.

Approximately a month after the settlement, Golden initiated this action against the appellees Salomon Brothers and Barenborg. Golden alleged the same claims he previously did against Coldwell, but now contended that Barenborg and Salomon were vicariously liable because Coldwell acted as their agent. Specifically the complaint alleged common law fraud (Count I), negligent misrepresentation (Count II), and a violation of the Consumer Fraud Act (Count III). Golden also alleged that Coldwell had breached an addendum to its real estate contract with Golden (Count IV). The addendum provided that if Golden notified Coldwell of unacceptable defects within fourteen days of signing the contract, Coldwell would repurchase the house or reimburse Golden for repair costs. Golden claimed he notified Coldwell within the fourteen days and Coldwell did not perform as required under the addendum. In regards to the first four counts, Golden claimed Coldwell acted as an agent for the appellees, and therefore the appellees were vicariously liable for Coldwell's failure to disclose the aforementioned defects in the home and for breach of contract. Golden added a fifth claim against Barenborg for breach of warranty (Count V). Golden alleged that in the contract of sale between Barenborg and Coldwell, Barenborg warranted the home was free of termite damage. Golden claimed he was a third party beneficiary of the contract because Barenborg knew that the intended and direct beneficiary of the warranty was the ultimate purchaser of the home.

Appellees filed a joint motion to dismiss Golden's complaint pursuant to Rule 12(b)(6). The Magistrate Judge granted appellee's motion, which she treated as a motion for summary judgment. Under the doctrine of res judicata, the Magistrate Judge found that Counts I–V were barred. *Golden v. Barenborg,* No. 91 C 5359, 1992 WL 162977, at *7 (N.D.Ill. July 6, 1992).[4] Golden appealed to the district court. The district court held that because a stipulation of dismissal with prejudice was not filed with the court, the issue of res judicata need not be reached. *Golden v. Barenborg,* 850 F.Supp. 716, 720 (N.D.Ill.1994). As to Counts I–IV, the district court held that under Illinois law, whether or not Coldwell was an agent for the appellees, there could be no vicarious liability. *Id.* at 722. The court also found that Golden was not a third party beneficiary. *Id.* at 724.

## II.

■ Golden contends that because the Magistrate Judge's stay of discovery was never lifted, the district court consequently found that Golden had shown no facts to establish the appellees had acted unlawfully independent of Coldwell. Therefore, Golden's argument centers on the lack of discovery which he claims could have changed the outcome of the case. We find, however, that Golden is barred by the principles of res judicata in maintaining this action against the appellees. The district court determined that under *McCall–Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir.1985), a stipulation of dismissal with prejudice had to be filed with

REAL ESTATE (INC.), a California corporation, (CBRE) its officers, directors, employees, agents (including real estate salespersons and brokers), independent contracting real estate salespersons and brokers (whether designated as such by contract or otherwise), attorneys and assigns, COLDWELL BANKER RELOCATION MANAGEMENT SERVICES, INC., a New York corporation, (CBMS) its officers, directors, employees, agents (including real estate salespersons and brokers), independent contracting real estate salespersons and brokers (whether designated as such by contract or otherwise), attorneys and assigns, and ETHEL ROCKI DEVOY, (DEVOY) and ROBIN L.

LEMER (LEMER), their successors, assigns, executives, heirs and personal representative, (hereinafter referred to as the RELEASED PARTIES).

3. Judge Duff presided over the initial suit between Coldwell and Golden.

4. In addition, the Magistrate Judge found that under Illinois law the Count V breach of warranty claim failed. *Id.* at *5. Golden was not an intended beneficiary of the sale contract between Barenborg and Coldwell. *Id.*

the court in order ·for the dismissal to be effective. Although in *McCall–Bey,* the court found that the filing of a stipulation was important and not a mere technicality, the court further recognized that a situation might arise, where in order to prevent injustice, filing would not be necessary. *Id.* The court stated: "We need not consider whether the requirement of filing may be waived in particular cases if necessary to prevent injustice, as none of the parties asks that it be waived here." *Id.* This case poses a situation where, in our view, such formality is not required. Magistrate Judge Bucklo was aware that the prior suit against Coldwell had been dismissed with prejudice because the "Mutual Release" agreement between Golden and Coldwell clearly stated that it terminated the prior lawsuit "with prejudice." In her order, Magistrate Judge Bucklo stated:

> Here, the stipulation of dismissal contained in the release signed by Mr. Golden, stated the agreement of the parties to dismiss the suit before Judge Duff. That release explicitly stated that the dismissal was to be with prejudice.

*Golden,* 1992 WL 162977 at *6.

Further, ·Magistrate Judge Bucklo was aware that in the transcripts of the proceedings before Judge Duff, who presided over the Coldwell–Golden suit, Judge Duff stated on the record that he understood the dismissal to be with prejudice.[5] *Golden,* 1992 WL 162977 *6 & n. 5. The purpose of filing a stipulation of dismissal with prejudice is to facilitate the management of the judicial docket. *McCall–Bey,* 777 F.2d at 1185. It aids the court in determining the size of its backlog without inquiring into every inactive case. *Id.* Since both Magistrate Judge Bucklo and Judge Duff along with the parties were aware the Coldwell–Golden suit was dismissed with prejudice without there being a formal filing, the failure to file in these circumstances is irrelevant.

**5.** After the settlement was executed and the case dismissed, counsel to Coldwell filed a motion to enforce the settlement agreement before Judge Duff. Coldwell argued that the settlement was not being enforced because Golden had recently

## III.

For res judicata to apply in federal court three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Matter of Energy Co-op., Inc.,* 814 F.2d 1226, 1230 (7th Cir.), *cert. denied, Energy Co-op., Inc. v. Phillips Petroleum Co.,* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987) (citations omitted). · In the first requirement, a cause of action consists of a "single core of operative facts" which give rise to a remedy. *Herrmann v. Cencom Cable Assoc., Inc.,* 999 F.2d 223, 226 (7th Cir.1993); *Alexander v. Chicago Park Dist.,* 773 F.2d 850, 854 (7th Cir.1985). The essential facts surrounding Golden's complaints in Counts I, II, and III all derive from the sale of Barenborg's home to Golden. In Golden's suit against Coldwell he alleged Coldwell made misrepresentations that amounted to fraud, negligent misrepresentation, and a violation of the Consumer Fraud Act. Subsequently in Golden's suit against the appellees, Golden alleged that the appellees were vicariously responsible for the same misrepresentations because Coldwell acted as their agent. Therefore, it cannot be disputed that the facts that gave rise to Golden's first suit against Coldwell are the same core facts that now give rise to Golden's present suit against the appellees.

The mere fact Golden brings two additional claims against the appellees offers Golden no reprieve. In Count IV, Golden asserts the appellees are liable because Coldwell breached the fourteen day addendum that was executed when he bought the home. Count V, only against Barenborg, alleges that the seller is liable for breach of warranty because Golden was an intended third party beneficiary of the Coldwell–Barenborg contract of sale. Golden also asserts that the district court erred in not considering the Seller's Statement contemporaneously with the sales contract because the Seller's Statement contains direct misrepresentations by Barenborg. Res judicata, however, operates

filed suit in the district court. Judge Duff responded that the ·matter should be addressed before the district court because it was not related to the prior Coldwell–Golden suit due to the fact it was dismissed with prejudice.

not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised. *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995) (citing *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361, 1364 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988)). We find that the issues in both Counts IV and V should have been raised in the prior suit. As to Count IV, Golden should have been aware of Coldwell's breach of the addendum at the time he filed his first suit. The Mutual Release was not executed until October 1991, over four months later. Because Golden had the opportunity in the prior litigation to claim Coldwell breached the addendum, the issue is barred from further litigation. As for Count V, we find that Golden is not a third party beneficiary. Further, we find that the alleged misrepresentation in the Seller's Statement is of no help to Golden's breach of warranty claim because Golden never asserted he either saw or relied on the Seller's Statement.[6]

■ The warranty at issue in Count V refers to the contract of sale between Coldwell and Barenborg in which Barenborg warranted that the home was free of termite damage. Golden argues that he was an intended third party beneficiary of the Coldwell–Barenborg sales contract because Barenborg knew the beneficiary was the ultimate purchaser of the home. Magistrate Judge Bucklo and the district court both found Barenborg was not a third party beneficiary. Under Illinois law, a person is considered a third party beneficiary only when the benefit to him is intended and he may therefore sue for breach of the contract. *Carson Pirie Scott v. Parrett,* 346 Ill. 252, 257, 178 N.E. 498, 501 (1931) (citations omitted). If the benefit is merely incidental, the third person has no right of recovery arising from the contract. *Id.* This test is determined by the manifestation of the parties'

intent expressed through the language of the contract. *Altevogt v. Brinkoetter,* 85 Ill.2d 44, 54, 51 Ill.Dec. 674, 679, 421 N.E.2d 182, 187 (1981). The contract at issue here expressly states that it confers no rights on any party not a party to the contract. Golden's claim that Barenborg knew the ultimate purchaser of the house would be the intended beneficiary of the warranty is insufficient to confer this status on Golden who was not a party to that contract.

Even if the Seller's Statement was contemporaneously considered with the Coldwell–Barenborg sales contract, Golden's breach of warranty claim would still fail. Golden argues that the district court erred in not considering the Seller's Statement with the sales contract because the Seller's Statement contained a direct misrepresentation by Barenborg. This theory would avoid the issue of preclusion because Coldwell did not act as Barenborg's agent in this respect; however, Golden does not assert he either saw or relied on the Seller's Statement. Golden complains that lack of discovery impeded his case, but the absence of discovery is no impediment to Golden having set out in his own affidavit what had occurred. The record shows that there is no evidence, even on the basis of Golden's own affidavit, that he either saw or relied on the Seller's Statement. Therefore, Golden's complaint under Count V must fail. A party may not frustrate the application of res judicata "by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation." *Harper Plastics v. Amoco Chemicals Corp.,* 657 F.2d 939, 945 (7th Cir.1981). Although Counts IV and V vary slightly from the issues in the other allegations, both claims arise out of the same transaction alleged in the prior suit and are therefore barred.

The second requirement of res judicata, identity of parties, is also satisfied. The Mutual Release did not mention Salomon

---

**6.** A Seller's Statement is a disclosure report made by the seller which represents the seller's knowledge concerning certain conditions of the property. 765 ILCS 77/10 *et seq.* (Smith–Hurd 1995). The disclosure is required pursuant to the Residential Property Disclosure Act. In cases, however, where the property is transferred

from an entity who has taken title from the seller pursuant to a relocation agreement, the Act is not applicable so long as the entity has provided to all prospective buyers a copy of the disclosure form furnished to the entity from the seller. 765 ILCS 77/15(7) (Smith–Hurd 1995).

Brothers or Barenborg. Therefore, the issue is whether the appellees can nonetheless be considered the same party for res judicata purposes. The Magistrate Judge found that because Coldwell acted as an agent for Barenborg and Salomon, the appellees were the same parties for purposes of this litigation. Without deciding whether Coldwell, Salomon and Barenborg were in an agency relationship, the district court held that under Illinois law Golden would fail in either relationship setting. We likewise find that in any event Barenborg and Salomon are considered the same parties for purposes of res judicata.[7]

Coldwell was acting on behalf of Salomon and Barenborg pursuant to arrangements each appellee had with Coldwell in effectuating the sale of Barenborg's home. Therefore, through an agency-principal relationship, Coldwell was granted the authority to sell Barenborg's home to Golden. In finding that Coldwell was an agent, the broad settlement agreement releasing Coldwell would also release the appellees as principals. As the district court explained, in the recent case of *American Nat'l Bank & Trust Co. v. Columbus–Cuneo–Cabrini Medical Center*, 154 Ill.2d 347, 353, 609 N.E.2d 285, 289, 181 Ill.Dec. 917, 921 (1992), the Illinois Supreme Court held that any settlement between the agent and the plaintiff extinguished the principal's vicarious liability. Since Golden released Coldwell from further liability, his vicarious liability claims against the appellees must fail.

The third requirement, final judgment on the merits, is also satisfied. As we previously discussed, the filing of the stipulation of dismissal was not necessary in the circumstances of this case. Golden knew when he signed the Mutual Release that the suit would be dismissed with prejudice and cannot now disregard what he signed and pursue the same cause of action against the appellees. We conclude that the prior dismissal, known to both judges and the parties,

was with prejudice pursuant to Rule 41(a)(1)(ii).[8] Therefore it was a final judgment on the merits.

Because the three requirements of res judicata are met, Golden's complaint against the appellees is barred.

AFFIRMED.

---

7. Since the application of federal or Illinois law would yield the same result, it is not necessary to choose which law disposes of the issue. *Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1274 (10th Cir.1989).

8. Under the Federal Rules of Civil Procedure Rule 41(a)(1)(ii), a plaintiff may voluntarily dismiss an action by filing a stipulation of dismissal signed by all parties who have appeared in the action. The stipulation will be considered without prejudice unless otherwise stated.