142 F.3d 440
 76 Fair Empl.Prac.Cas. (BNA) 736
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl E. THOMAS, Plaintiff-Appellant,
v.
METRA RAIL SERVICE, Defendant-Appellee.
 No. 97-3783.
 United States Court of Appeals,
Seventh Circuit.
 .
Submitted March 12, 1998*.
Decided March 19, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 C 8489, George M. Marovich, Judge.
 Before Hon. FRANK H. EASTERBROOK, Hon. ILANA DIAMOND ROVNER, and Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This appeal arises out of Carl Thomas's second suit against Northeast Illinois Regional Commuter Railroad Corporation (Metra). Metra discharged Thomas, one of its ticket sales clerks, for failing to remit ticket funds. In the first suit, Thomas claimed that he was discharged in retaliation for filing a civil rights complaint in violation of Title VII and 42 U.S.C. § 1981. The district court concluded that Metra had a legitimate, non-discriminatory reason for his termination and granted summary judgment for Metra. See Thomas v. Metra Rail Serv., 941 F.Supp. 758 (N.D.Ill.1996). Thomas did not appeal that decision In this second suit, Thomas claims that his discharge resulted from fraud on the part of the neutral arbitrator working for the Public Law Board (PLB), the appellate review panel that affirmed his discharge. The district court dismissed this suit under the doctrine of res judicata because Thomas's claim was or should have been raised in his earlier action. We affirm.
 
 
 2
 On appeal, Thomas argues for the first time that Metra committed fraud by improperly presenting evidence to the first district court. Therefore, he asserts, his claim is not barred by the doctrine of res judicata. Since this argument was not made before the district court, it is waived. See Oates v. Discovery Zone, 116 F.3d 1161, 1168 (7th Cir.1997).
 
 
 3
 "Res judicata [ ] operates not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised." See Roboserve, Inc. v. Kato Kagaku Co., Ltd., 121 F.3d 1027, 1034 (7th Cir.1997) (quoting Golden v. Barenborg, 53 F.3d 866, 869-70 (7th Cir.1995)). We agree that res judicata does not bar a subsequent suit based on the same cause of action as the first judgment, if the first judgment was obtained through fraud See Comm'r of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Nonetheless, this exception does not apply here because Thomas did not allege that the first judgment was obtained through fraud. Rather, the basis of his claim was that the neutral member of the PLB fraudulently determined that Metra was justified in terminating Thomas. The present case is merely another attempt to litigate issues arising out of Metra's decision to fire him, and res judicata therefore bars his claim. "Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Id. at 598.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)