Michael MASSEY, Anthony Leisure, Jermaine Franklin, Alex Beverly, Jr., Gregory Baskin, Edgar Burke, Marco Ramirez, Ronald Ducharme, Anthony Gary, Charles Leonard, Duanne Hopkins, Lynell Ewing, Donald Atkinson, Terry Bregar, Inmates at the Federal Correctional Center in Pekin, Illinois, and John Otten, M.D., former Staff Physician at the Federal Correctional Center in Pekin, Illinois, Plaintiffs,

v.

David HELMAN, Warden of the Federal Correctional Center in Pekin, Illinois, in his individual capacity; Ferdinand Somalia, Health Services Administrator of the Federal Correctional Center in Pekin, Illinois, in his individual capacity; Miguel Gonzalez, Assistant Warden of the Federal Correctional Center in Pekin, Illinois, in his individual capacity; and Kenneth Morit Sugu, M.D., Medical Director of the Bureau of Prisons of the United States Department of Justice, in his individual and official capacity, Defendants.

No. 99–3020.

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 30, 1999.

John P. Nicoara, Peoria, IL, Richard L. Steagall, John H. Bisbee, Bushnell, IL, for plaintiffs.

James A. Lewis, Springfield, IL, for defendants.

## OPINION

MILLS, District Judge.

Same claims, same result.

A Prisoner and a Prison Doctor had their previous suit dismissed.

Now they team up with other Inmates to bring the same and similar claims.

But, as before, the same infirmities require dismissal of all claims.

This cause comes before the Court on the motion to dismiss filed by Defendant and several motions filed by Plaintiff.

## I. BACKGROUND

This case was filed shortly before a very similar case, *Massey v. Helman*, 35 F.Supp.2d 1110 (C.D.Ill.1999) (*"Massey I"*), was dismissed by this Court. Plaintiff Michael Massey (Massey) is a prisoner incarcerated at the Pekin Correctional Center (Pekin Center) in Pekin, Illinois. Plaintiff John Otten (Otten) was a physician at the Pekin Center until his termination on February 26, 1998.

*Massey I* involved claims by Plaintiff Michael Massey (Massey) that he was denied adequate medical treatment for a hernia. Also in *Massey I*, Dr. John Otten brought individual claims of unlawful termination in violation of the First Amendment and Eighth Amendment as well as representative claims of inadequate medical care on behalf of his inmate-patients.

The Court dismissed all the claims asserted in *Massey I*. Massey's claims were dismissed because he failed to allege the exhaustion of administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Dr. Otten's claims were dismissed for lack of standing and lack of jurisdiction due to the availability of alternative remedies under the Civil Service Reform Act (CSRA). Despite the dismissal of *Massey I*, Massey and Otten, along with 13 inmates at the Federal Correctional Center at Pekin, Illinois (Pekin Center), bring this 62 page amended complaint, containing many of the very same allegations as those asserted in *Massey I*.

After the complaint was filed in the instant case, the United States Court of Appeals for the Seventh Circuit affirmed, in *Massey v. Helman*, 196 F.3d 727 (7th Cir.1999), this Court's dismissal of the claims raised in *Massey I*. Many of the issues raised on appeal had already been rejected by the Seventh Circuit in *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999), a case that was decided while the appeal of *Massey I* was pending.

The Amended Complaint in this case, like the one in *Massey I*, contains claims that various officials at the Pekin Center and the Bureau of Prisons (BOP) failed to provide adequate medical care to Massey and the other named Plaintiff–Inmates. In Count I, Massey and 13 other Inmates make many claims of the unconstitutional denial or delay of medical care at the Pekin Center. Massey himself asserts a claim similar to the one he asserted in *Massey I* —that the delay of hernia treatment violated Massey's constitutional right to adequate medical care and constituted deliberate indifference to his medical needs. The other inmate complaints in Count I are the following: (1) Jermaine Franklin had a keloid scar that was not repaired promptly enough; (2) Gregory Baskin had lesions on his leg that were not adequately treated; (3) Marco Ramirez also had a hernia that was not treated properly; (4) Ronald DuCharme had acne that became infected and was not properly treated; (5) Anthony Leisure had a torn rotator cuff that was not repaired; (6) Alex Beverly did not receive adequately soft shoes for his arthritis; (7) Edgar Burke had tonsillitis which led to treatment for an infection; (8) Anthony Gary was not treated promptly for osteomyelitis; (9) Charles Leonard did not receive treatment for an injured knee; (10) Duane Hopkins also had an injured knee that was not repaired or treated properly; (11) Lynell Ewing had arthritis in her hip that was not properly treated; (12) Donald Atkinson did not receive prompt surgery for the arthritis in his knee; (13) Terry Bregar did not receive special meals for diabetics, resulting in temporary vision loss and contributing to nerve atrophy.

In Count II, Dr. Otten seeks damages based on his allegations that he was terminated in retaliation for his efforts to speak truthfully about inadequate medical care at

the Pekin Center. Otten also alleges that his Eighth Amendment "right and duty to provide [necessary] medical care" was violated when he was terminated. These claims are identical to the ones Otten raised previously in *Massey I*.

Plaintiffs also allege that there are no remedies available through the Bureau of Prisons (BOP) that allow for money damages. In addition, Plaintiffs allege that there is no administrative remedy provided to obtain treatment for those procedures that are deemed to be "medically acceptable, but not medically necessary." Plaintiffs seek money damages, injunctive relief and a declaratory judgment, as well as attorney's fees and expenses.

## II. ANALYSIS

Defendants filed a motion to dismiss both Counts of the Amended Complaint. They argue that *Massey I* precludes the claims here and that the inmates again fail to allege exhaustion in Count I. Defendants also contend that Otten's claims in Count II are precluded by the dismissal of *Massey I* and, alternatively, that Otten's claims should be dismissed for failure to state a claim and lack of standing.

Plaintiffs argue in response that they have alleged that the BOP's remedial procedures do not provide for the award of money damages. In addition, Plaintiffs argued that the case of *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998), was wrongly decided and would be rejected by the Seventh Circuit.

Plaintiffs' prediction was not a prescient one and the future did not turn out as Plaintiffs hoped. In *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532 (7th Cir.1999) and in *Massey v. Helman*, 196 F.3d 727 (7th Cir.1999), the Seventh Circuit agreed with the Eleventh Circuit's interpretation of the term "available" in the PLRA. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir.1998). In accord with the Eleventh Circuit, the Seventh Circuit held that a prisoner plaintiff must allege exhaustion of remedial procedures,

even in those cases where money damages are not available. *See Massey* at 732–34.

### A. Preclusion

▇ Defendants argue that the Plaintiffs in this case should be prevented from relitigating issues that were decided in *Massey I* because the claims in this case are barred under the doctrine of claim preclusion.

▇ Claim preclusion requires: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits. *Golden v. Barenborg*, 53 F.3d 866, 868 (7th Cir. 1995). In defining a "cause of action" the Court looks to the underlying factual occurrences. *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338 (7th Cir. 1995). But a dismissal without prejudice is not a final judgment on the merits. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In this case, Massey's claims in *Massey I* were dismissed without prejudice, so his current claims are not barred by claim preclusion.

### B. Otten's Claims

As Plaintiff admits in his Response to the Motion to Dismiss, Dr. Otten's claims are properly dismissed if the Order entered in *Massey I* was affirmed. *Massey I* has been affirmed and Otten's claims will be dismissed.

As before, the Court notes that Dr. Otten alleges that his termination violated his rights under the Eighth and First Amendment to the United States Constitution. However, the Seventh Circuit has made clear that the exclusive remedy for Otten's claims are those provided by the Civil Service Reform Act, 5 U.S.C. § 2301 et seq. *See Massey* at 736–37. Thus, Dr. Otten's individual claims, based on the alleged denial of his rights under the First and Eighth Amendments, are dismissed for failure to state a claim under Rule 12(b)(6).

Dr. Otten's representative claims on behalf of the patient-inmates will also be dismissed. As stated in the Seventh Circuit *Massey* opinion, Dr. Otten does not meet the requirements of Article III standing or the prudential standing requirements. *See Massey* at 739–41. Here, Dr. Otten asserts the same claims he asserted in *Massey I,* and he still lacks standing to bring those claims on behalf of the inmates. For the reasons given in *Massey I* and in *Massey v. Helman,* 196 F.3d 727 (7th Cir.1999), Otten's claims on behalf of the Inmates will be dismissed.

## C. Inmates Claims

The remaining claims in the Second Amended Complaint are asserted by Massey and 13 other Inmates at the Pekin Center. As noted above, their complaints about medical treatment run the gamut from being denied soft shoes to the failure of the Pekin administrators to serve food specially prepared for diabetics.

■ Even though Massey's claims are not barred by preclusion principles, his claim and those of his fellow inmates suffer from another fatal infirmity: they have failed to allege exhaustion of administrative remedies as required by the PLRA.

Of course, in light of the earlier proceedings, Massey and the other Inmates have now alleged, in the amended complaint, that no money damages remedy is available and that there is no procedure available for allowing inmates to receive the medical treatment that they claim was denied. Specifically, they point to statements in the second amended complaint referring to the unavailability of money damages through the BOP procedures and to allegations that BOP procedures do not allow a prison doctor to contact the Medical Director to request that an exception be made to the general prohibition against procedures that are deemed "medically acceptable, but not medically necessary."

These arguments are variations on a theme: the Inmates argue that the BOP remedial procedures will not provide them the relief they prefer (such as money damages) and thus that the remedial procedures therefore are not "available" to them. The most obvious problem with this argument is that it has been rejected by the Seventh Circuit in *Perez* and *Massey.* For example, in *Massey* the Court stated that "[t]he potential effectiveness of an administrative remedy bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures." *Massey* at 732–33.

■ The rule therefore is that a prisoner must allege that he has exhausted administrative remedies, not that exhaustion would fail to provide money damages or other specific relief he seeks. If the latter were all that an inmate was required to do, he could always avoid exhaustion by requesting money damages in his suit and then pleading that he cannot obtain money damages through BOP procedures. It is highly unlikely that such a result was intended by Congress when it passed the PLRA. *See Perez,* 182 F.3d at 537 (citations omitted).

Here, Massey and the other 13 inmates have failed to allege that they have exhausted their administrative remedies. Instead, they allege merely that there are no money damages available through the BOP procedures and that there are no procedures available for a prison doctor to apply to the Medical Director for an exception to the determination that a procedure is medically acceptable but not medically necessary. As analyzed above, Massey and the Inmates cannot meet their obligation to plead exhaustion by alleging that exhaustion is not required due to the unavailability of BOP remedies that the Inmates consider to be more pleasing or complete. Thus, because the inmates have failed to allege exhaustion of administra-

tive remedies, their claims must be dismissed for failure to state a claim.

### D. Additional Motions

■ The Court notes two additional motions filed by Massey and the other Plaintiff–Inmates. First, they have filed a motion to deny application for judgment. Therein, these Plaintiffs argue that Defendants' submission of an affidavit from Ms. Deborah Hickey converts the motion into one for summary judgment and the Plaintiffs should therefore be given an opportunity for further discovery regarding the effectiveness of the administrative remedies.

But the Court rejects Plaintiffs' suggestion for two reasons. One, the Court will not consider the affidavits or other factual material in deciding this motion and so the motion need not be treated as a summary judgment motion. Also, the effectiveness of the remedies is irrelevant to the exhaustion requirement, so further discovery would not be necessary or helpful. *See Massey v. Helman* at 732–33.

■ In addition, Massey makes an additional argument in a separate pleading. Massey argues that he tried to exhaust his administrative remedies by requesting all the administrative forms at once, but was denied this request. He alleges that this shows that he has been prevented from accessing the administrative remedies that he is required to exhaust.

In response, the Defendants point out that the forms necessary for pursuing the administrative remedies are given out one at a time. The reason for this procedure is to keep track of the forms and to allow the administrative process to be completed in the proper sequence.

The Court notes that Massey's request for the forms was dated February 19, 1999, while the Complaint in this case was filed on January 20, 1999. As the Seventh Circuit has noted, in order to satisfy the exhaustion requirement, the administrative remedies must be exhausted before suit is brought. *Id.* at 732–33.

■ More importantly, the Court will not consider on this motion the affidavit filed by Massey, just as the Court will not consider the Defendants' affidavits. The issue in this case is simply to determine whether the amended complaint contains allegations of facts in support of the exhaustion requirement. Though the Court may convert a Rule 12(b)(6) motion into one for summary judgment, it need not do so any time that factual material is included with the motion. *See* Fed.R.Civ.Pro. 12(b)(6) (noting that a 12(b)(6) motion *may* be converted into one for summary judgment if the factual material is not excluded by the Court). The Court has confined itself to the pleadings in considering this motion to dismiss.

*Ergo*, for the reasons given above, the motion to dismiss filed by Defendants is ALLOWED. The claims asserted by Massey and the other 13 inmates are dismissed for failure to state a claim. The individual claims asserted by Dr. Otten are dismissed for failure to state a claim. The representative claims asserted by Dr. Otten are dismissed for lack of standing.

The motion to dismiss that was filed before the filing of the amended complaint is DENIED AS MOOT. The motion to stay decision filed by Plaintiffs is DENIED. The motion for order to deny application for judgment or to continue hearing filed by Plaintiffs is also DENIED.