Sibel BORAN, Plaintiff–Appellant,

v.

UNITED MIGRANT OPPORTUNITY SERVICES, INCORPORATED, Milwaukee and Oshkosh Offices, and University of Wisconsin–Oshkosh, Defendants–Appellees.

No. 03–3711.

United States Court of Appeals, Seventh Circuit.

Submitted March 19, 2004.*

Decided April 19, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Sibel Boran, Oshkosh, WI, for Plaintiff–Appellant.

Jason A. Kunschke, Hynes & Associates, Milwaukee, WI; and Michael J. Losse, Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Defendants–Appellees.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

In February 2003, Sibel Boran brought suit naming as defendants United Migrant Opportunity Services, Inc. ("UMOS") and the University of Wisconsin–Oshkosh. Although it is difficult to discern the nature of her claims against either defendant, Ms. Boran apparently alleged some form of employment-related discrimination; in her brief on appeal she explains her lawsuit as "a civil rights case created by employer discrimination which led to loss of all my civil rights, liberties, and equal due process rights due to UMOS's lack of proper hiring in June 2001." (Appellant's Br. at 4.) It is unclear when or in what capacity she was employed by UMOS or the University of Wisconsin, but she sought $90,000 in damages from the University and an order from the district court appointing her to the University faculty as "a professor of language arts or reading." (R. at 66.).

Over the next six months the parties actively litigated the case. UMOS filed an answer, the University (more precisely, the Board of Regents of the University of Wisconsin System) filed a motion to dismiss that was granted, and Ms. Boran filed and lost a motion for summary judgment. Ms. Boran also filed a number of other motions, which, in late July, prompted the district court to relieve the defendants of the burden of responding to her future filings unless ordered to do so by the court. The court also admonished Ms. Boran that all repetitive motions and any

addendums to prior filings would be denied outright.

Then, in August 2003, just two weeks after the district court had issued an order resolving a series of motions, including the University's motion to dismiss and Ms. Boran's motion for summary judgment, Ms. Boran wrote a letter notifying the district court that she was voluntarily dismissing her complaint because she and her children "no longer wish to live confined under oppression which is why we are leaving the United States of America to never return." (R. at 58.) Although her letter was not signed by the defendants, Ms. Boran served each with a copy, and both responded in writing that they did not object to a voluntary dismissal. On August 12, 2003, the district court issued an order dismissing Ms. Boran's complaint "on its merits with prejudice." (R. at 63.)

Shortly thereafter, on September 2, 2003, Ms. Boran again wrote the district court, this time asking that her lawsuit be reinstated "due to change of family circumstance." (R. at 64.) Ms. Boran explained that her oldest daughter no longer wanted to leave the United States. The district court interpreted Ms. Boran's letter as a motion brought under Federal Rule of Civil Procedure 60(b) and denied it on September 17. The court reasoned that a change of family plans "is not among the circumstances listed" in Rule 60(b) as grounds for relief, and that Ms. Boran had failed "to assert any facts that would support the relief she seeks under Rule 60." (R. at 68.) The court added that, "[i]n light of the time and effort the defendants and this court have already expended in attempting to decipher plaintiff's numerous and almost unintelligible filings, it would be unfair to reopen that case simply because plaintiff has now changed her mind about pursuing her action." (*Id.*) In this same order, however, the district court also acknowledged that it had erred in dismissing Ms. Boran's complaint with prejudice. The court explained that its order of dismissal had been under Federal Rule of Civil Procedure 41(a)(1), and, since Ms. Boran had not explicitly dismissed her complaint with prejudice, the rule by default mandated a dismissal without prejudice. *See* Fed.R.Civ.P. 41(a)(1); *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1016 (7th Cir.2002). Accordingly, the district court modified its August 12 order to be without prejudice. Ms. Boran filed a notice of appeal.

■ UMOS and the University have not questioned our jurisdiction over Ms. Boran's appeal, but, when in doubt, we are required to evaluate our appellate jurisdiction, even *sua sponte. See Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir.2002). In this instance, whether or not we have jurisdiction turns on the nature of the dismissal of Ms. Boran's lawsuit. Ms. Boran did not specify under what authority she was voluntarily dismissing her complaint, but we agree with the district court's conclusion that her letter notifying the court of her desire to dismiss the lawsuit was best understood as a notice of dismissal under Rule 41(a)(1). In particular, since the defendants had already answered and litigated Ms. Boran's complaint, we construe her letter as a stipulation of dismissal under Rule 41(a)(1)(ii) because both defendants agreed to the dismissal. *See Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir.1998) ("A dismissal by stipulation is . . . a mutual agreement by all parties." (internal quotation marks and citation omitted)). Although, the rule does state that a stipulation of dismissal must be signed by all parties who have appeared in the action in order to ensure the agreement of each, *see* Fed.R.Civ.P. 41(a)(1)(ii), literal compliance with the stipulation re-

quirement has not been required where the agreement of all parties is apparent, *see Golden v. Barenborg,* 53 F.3d 866, 868–69, 871 (7th Cir.1995). Several circuits have recognized that even oral assent to dismissal can satisfy Rule 41(a)(1)(ii), *Eitel v. McCool,* 782 F.2d 1470, 1473 (9th Cir. 1986); *Oswalt v. Scripto, Inc.,* 616 F.2d 191, 195 (5th Cir.1980); *Pipeliners Local Union No. 798 v. Ellerd,* 503 F.2d 1193, 1199 (10th Cir.1974). Accordingly, we do not believe that the rule requires that every signature appear on a single document. Here, all parties agreed to a voluntary dismissal—Ms. Boran through her letter to the district court and the defendants in their own signed letters agreeing to the proposed dismissal.

 That the district court, rather than the clerk of court, issued the order does not change its character as a Rule 41(a)(1) dismissal. Nor does the fact that the court initially stated that the dismissal was with prejudice. A court order is not required to give effect to a Rule 41(a)(1) dismissal. *Meinecke v. H & R Block of Houston,* 66 F.3d 77, 82 (5th Cir.1995); *Lynk v. La-Porte Super. Ct. No. 2,* 789 F.2d 554, 562 (7th Cir.1986). A stipulation of dismissal terminates the case upon filing with the clerk. *See Golden,* 53 F.3d at 868–69; *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1078 (7th Cir.1987). Judicial approval is not required and cannot be withheld, *see Jessup v. Luther,* 277 F.3d 926, 928 (7th Cir.2002); *McCall–Bey v. Franzen,* 777 F.2d 1178, 1185 (7th Cir. 1985). And, while the district court at first characterized the dismissal as with prejudice, it later corrected that error *sua sponte,* as it was empowered to do under Rule 60(a). *See Paganis v. Blonstein,* 3 F.3d 1067, 1072 (7th Cir.1993).

 Ms. Boran, then, ended up with precisely what she asked for: a voluntary dismissal under Rule 41(a)(1), and as a consequence we have no jurisdiction over her appeal. As we have explained, a plaintiff who "voluntarily dismisses his action without prejudice ... receives the relief he requested and has no rational basis to appeal the dismissal." *Geaney v. Carlson,* 776 F.2d 140, 141–42 (7th Cir.1985); *see Boland v. Engle,* 113 F.3d 706, 714 (7th Cir.1997) (same); *Lynk,* 789 F.2d at 562 (explaining that voluntary dismissals are appealable only if a party objects to a condition imposed by the court). Ms. Boran ultimately changed her mind, but the letter she wrote to the district court asking for reinstatement of her lawsuit was ineffectual to accomplish that end. Boran achieved the dismissal of the complaint herself, and once the case was dismissed it was as if no action had been filed. In this respect, a dismissal without prejudice is unlike reinstatement because, after a dismissal without prejudice, the plaintiff must commence a new suit and pay a filing fee. *See Richmond v. Chater,* 94 F.3d 263 (7th Cir.1996); *see also* Fed.R.Civ.P. 3. The Supreme Court has held that the plaintiff's filing must also be sufficient under Rule 8 of the Federal Rules of Civil Procedure, in that it must give a short and plain statement of the claim. *See Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 149, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Boran's letter does not state a claim for relief, and her statements expressing a desire for future litigation are insufficient. *See id.* at 148 (filing of right to sue letter and request for appointment of counsel do not give a factual basis for a claim of discrimination as required by the rule).

 Although the district court generously interpreted Ms. Boran's letter as a motion under Rule 60(b), we respectfully disagree with that characterization. Ms. Boran's letter did not purport to be a motion under that rule, and, as the district court recognized, the letter sought no form

of relief available under Rule 60(b). What the letter did ask for was reinstatement of the complaint, and although, at first blush, it might appear that her letter could be construed as a motion seeking reconsideration of the dismissal under Federal Rule of Civil Procedure 59(e), there really was no action by the court to reconsider. The district court was divested of jurisdiction when all parties agreed to the voluntary dismissal, *Jessup*, 277 F.3d at 929; *McCall–Bey*, 777 F.2d at 1190. It was Ms. Boran's own action, not the ministerial entry of an order by the court, that terminated her lawsuit. *See In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir.1994) ("[W]hen the parties voluntarily agreed to a dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii) ... any further actions by the court were superfluous."). Thus, Ms. Boran's letter expressing her change of heart was nothing more than that and had no procedural significance other than causing the district court to independently correct the formal order of dismissal to conform to Rule 41(a)(1).

Once Ms. Boran initiated the dismissal of her own complaint, her remedy was not reinstatement of the complaint or an appeal from the voluntary dismissal, but a new lawsuit, subject only to statute-of-limitations constraints. Accordingly this appeal is DISMISSED.