In the
United States Court of Appeals
For the Seventh Circuit

No. 00-2326

James Newsome,

Plaintiff-Appellee,

v.

John McCabe and Raymond McNally,

Defendants-Appellants.

On Petition for Rehearing

Decided August 14, 2001


   Before Flaum, Chief Judge, and Easterbrook and Diane P. Wood, Circuit Judges.

   Per Curiam.  Defendants' petition for rehearing contends that it was not clearly established, when they acted, that the state's constitutional duty to avoid concealing materially exculpatory evidence ever imposed any obligations on police, as opposed to prosecutors. That proposition is incompatible with Jones v. Chicago, 856 F.2d 985 (7th Cir. 1988), which dealt with police conduct at about the same time as Newsome's trial, and with Jean v. Collins, 221 F.3d 656 (4th Cir. 2000) (en banc), which holds that police who deliberately withhold exculpatory evidence, and thus prevent the prosecutors from complying with the obligations articulated in Brady, violate the due process clause.

   We agree with defendants that police need not spontaneously reveal to prosecutors every tidbit that with the benefit of hindsight (and the context of other evidence) could be said to assist defendants. That is one reason why duties often depend on a defendant's request. Just as prosecutors need not automatically open their files to defendants, so police need not automatically engage in debriefing sessions with prosecutors. This was why our opinion went out of its way to agree with the defendants' contention that "in 1979 [and today], the detectives could have reasonably believed that it should

be up to the prosecutors, and ultimately the court, to determine if an eyewitness identification is sufficiently reliable for use at trial." If all the plaintiff can prove at trial is that these officers failed to take the initiative in providing the prosecutors with information that would have come out as soon as the prosecutors asked (or as soon as defense counsel interviewed the police or questioned them on the stand), then no due process violation by the police has been established. But if the right characterization of the defendants' conduct is that they deliberately withheld information, seeking to misdirect or mislead the prosecutors and the defense, then there is a genuine constitutional problem.

Johnson v. Jones, 515 U.S. 304 (1995), requires us to assume that plaintiff can prove a deliberate withholding of information. Such proof would demonstrate that defendants violated clearly established rights--for the due process clause imposes obligations on all state actors, and not just on prosecutors. Different state actors play different roles in the prosecutorial process, but as Jones and Jean show it is possible for police no less than prosecutors to violate the due process clause by withholding exculpatory information. Whether the police did this here is a disputed question of fact that precludes summary judgment. It may be necessary, as Saucier v. Katz, 121 S. Ct. 2151, 2158 (2001), holds, to take another look at the immunity question once the facts are known, for until then it may be impossible to determine whether the legal rule was sufficiently clear in relation to the facts. While the facts remain in doubt, however, it is premature to attempt this analysis.

The petition for rehearing is denied. No judge in regular active service has requested a vote on the petition for rehearing en banc, which therefore also is denied.