In the

# United States Court of Appeals

### For the Seventh Circuit

Nos. 08-3810, 09-2213 & 10-1733

SYL JOHNSON, also known as
SYLVESTER THOMPSON,

*Plaintiff-Appellant,*

*v.*

CYPRESS HILL, et al.,

*Defendants-Appellees.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
Nos. 1:03-cv-09452 & 1:08-cv-07264—**Charles R. Norgle, Sr.**, *Judge.*

ARGUED FEBRUARY 10, 2011—DECIDED JUNE 1, 2011

Before MANION, EVANS, and HAMILTON, *Circuit Judges.*

EVANS, *Circuit Judge.* Syl Johnson, an American blues and soul singer—well known in the 1960s and 1970s for his exploration of African-American identity and social problems—wrote a song entitled, "Is It Because

I'm Black" (the "Song").[1] Twenty-five years later, Cypress Hill[2], an extremely popular and successful hiphop group, released the album, "Black Sunday." One of the tracks on "Black Sunday," titled "Interlude,"[3] plays a section of Johnson's Song.

In 2003, Johnson filed suit against Cypress Hill alleging copyright infringement of the Song. Over four years into litigation, the district judge granted Cypress Hill's motion for summary judgment after concluding that Johnson failed to prove he held a valid copyright in the Song. Johnson now appeals.

In 1968, Johnson, working with Glenn Watts and Jimmy Jones, wrote "Is It Because I'm Black." In 1969, Twinight Records released a recorded version of the Song as a 45-RPM. That same year, the Song reached number 11 on the R&B charts. In 1972, Johnson rerecorded the Song. The 1972 recording was never released in the United States. In 1997, Johnson applied for and received United States copyright registration SRU-360-891 for a sound recording compilation.

---

[1] The song is available at: http://www.youtube.com/watch?v=zKfZYgHm8So (last visited May 17, 2011).

[2] The members of Cypress Hill—Lawrence Muggerud, Senen Reyes, and Louis Freese—are also named defendants. We will refer to the defendants collectively as Cypress Hill.

[3] The track in question is titled, "Interlude" on some copies of "Black Sunday" and "Lock Down" on others. The tracks are identical. "Interlude" is available at: http://www.youtube.com/watch?v=aADH4148iQo (last visited May 17, 2011).

Johnson believed that he included the 1972 recording of the Song in his submission, but he did not. Therefore, the Song was not covered by a valid federal copyright. In June 2003, Watts filed a Form PA composition copyright registration on the words and music of the Song, listing Johnson and Jones as co-authors. The Copyright Office assigned it registration number PA 1-192-702.

In 1993, Cypress Hill released its "Black Sunday" album. The song in question in this case, "Interlude," is a 77-second song in the middle of the 14-track album. "Interlude" includes 2.5 seconds of Johnson's Song "looped" for the entire 77 seconds. Cypress Hill admits that it failed to obtain permission from Johnson to use the Song.[4]

In 2003, Johnson—after listening to "Interlude" and deciding that his Song was used—filed a *pro se* complaint against Cypress Hill alleging copyright infringement and a state law fraud claim. Four months later, after obtaining counsel, Johnson filed an amended complaint asserting a single claim, infringement of the sound recording copyright SRU-360-891,[5] asking for

---

[4] In March 2004, Cypress Hill did reach an agreement with Sunlight Records, Inc. (owned by Peter Wright, the co-owner of Twinight Records) which claimed that it was the holder of all rights in the Song. The deal for the license was roughly $25,000 and released Cypress Hill and its licensees from all past, present, and future claims related to Cypress Hill's use of the Song in "Interlude."

[5] A "sound recording" copyright protects rights in a specific recording of a musical work. A sound recording copyright is

(continued...)

a staggering $29,000,000 in relief. Johnson made this claim under the mistaken belief that his Song was covered by the copyright. At no point during the next four years did he check to make sure it was actually covered.

In March 2006, Peter Wright, an owner of Twinight Records, filed a declaration stating that the SRU-360-891 registration did not include a recording of the Song. In June 2006, Johnson's co-writer, Watts, filed a lawsuit against Cypress Hill claiming infringement of copyrights PA 1-192-702 and SRU-360-891 (the SRU-360-891 claim was later dropped). In October 2007, Lawrence Muggerud, the member of Cypress Hill who created "Interlude," testified that he came across the Song on the 1969 45-RPM single released by Twinight Records. This last event is particularly crucial to Johnson's claim because, under the Copyright Act, sound recordings fixed before February 15, 1972 are not subject to copyright protection, but may be protected by state law. *See* 17 U.S.C. § 301(c). Once Johnson affirmatively knew that Cypress Hill used the 1969 version, there was no situation under which his sound recording copyright infringement claim could succeed.

Meanwhile, the parties initiated and proceeded with discovery on the allegations in Johnson's amended com-

---

[5]  (...continued)
distinct from a "composition" copyright, which protects rights in the underlying work, i.e., the music and, if applicable, lyrics. 17 U.S.C. § 102(a)(2), (7).

plaint, namely the alleged copyright infringement of SRU-360-891. At the close of long and protracted discovery proceedings, and in accordance with the district judge's order, Cypress Hill filed a motion for summary judgment in February 2008. Cypress Hill argued that Johnson could not prove infringement of copyright SRU-360-891 because: (1) there is no copyright protection for a 1969 sound recording; and (2) the compilation submitted for the SRU-360-891 copyright did not include any version of the Song.

Johnson responded, in his brief opposing summary judgment, by arguing—for the first time—that he was entitled to relief under common law misappropriation and infringement of the composition copyright PA 1-192-702. He conceded that his 1969 recording of the Song cannot obtain a sound recording copyright.

In May 2008, Johnson filed a motion for leave to file a second amended complaint. The proposed amendment redacted Johnson's claim for infringement of his sound recording copyright and substituted claims for common law misappropriation and infringement of composition copyright PA 1-192-702. The judge denied Johnson's motion, finding that leave to amend was not warranted due to Johnson's undue delay and the "substantial prejudice" to Cypress Hill that would result from allowing an amendment four years into litigation and after the close of discovery. The judge then granted Cypress Hill's motion for summary judgment, finding that the compilation of songs Johnson submitted to the Copyright Office did not include a recording of the Song and,

therefore, Johnson had "failed entirely to show owner-ship of a valid copyright in the 1969 sound recording."

Johnson filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure requesting that the court vacate its summary judgment order and enter an order dismissing the case for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). Johnson argued that because he never had a copyright the district court did not have subject-matter jurisdiction over the action. The court denied his motion.

Cypress Hill then filed a motion for attorney's fees and costs pursuant to 17 U.S.C. § 505, arguing that Johnson knew or should have known from the outset of the litigation that he had no valid claim for infringement of copyright SRU-360-891 because no version of the Song was included in his registered compilation, and the 1969 recording could not be copyrighted. Johnson responded by maintaining that the action should have been dismissed for lack of subject-matter jurisdiction, and therefore 28 U.S.C. § 1919, which provides for an award of "just costs," should govern the award. The court granted Cypress Hill's motion for attorney's fees and costs, finding that Johnson's amended complaint was "legally baseless" as he could not demonstrate owner-ship of a valid copyright in the Song. The court reduced Cypress Hill's requested attorney's fees by 15%, and awarded $321,995.25 in attorney's fees and $10,620.53 in costs.

In October 2008, Johnson filed a new action against Cypress Hill in the Circuit Court of Cook County (*Johnson*

*II*), reasserting the state law misappropriation claim he had attempted to add in *Johnson I*. Cypress Hill removed the action to federal court based on diversity jurisdiction. After removal, Johnson moved to file an amended complaint—a claim for infringement of composition copyright PA 1-192-702. At this point, Johnson's claim was identical to the claim in the amended complaint he tried to file without success in the original case. Accordingly, Cypress Hill moved to dismiss the amended complaint as barred by *res judicata*. The judge granted the motion to dismiss with prejudice, holding that the *Johnson II* claims were barred by *res judicata*.

On appeal, Johnson argues that: (1) the district court abused its discretion in denying his motion for leave to amend; (2) the court lacked subject-matter jurisdiction over the action and therefore was without power to grant summary judgment on the merits; (3) the court erred in granting attorneys' fees pursuant to 17 U.S.C. § 505; and (4) the court erred in finding Johnson's amended complaint in *Johnson II* was barred by *res judicata*.

We begin with Johnson's primary claim; that the judge abused his discretion in denying his motion for leave to amend. We review a district judge's denial of a motion for leave to amend for abuse of discretion. *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005). Although Fed. R. Civ. P. 15(a) provides that leave to amend "'shall be freely given when justice so requires,' [it] is not to be automatically granted." *Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993). "[District]

courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009) (internal citation omitted). And while delay on its own is usually not reason enough for a court to deny a motion to amend, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792-93 (7th Cir. 2004), the "longer the delay, the greater the presumption against granting leave to amend." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (internal citation omitted).

The district judge denied the motion, finding that Johnson's four-year wait to amend his complaint, after discovery closed and Cypress Hill filed its motion for summary judgment, was undue delay. Johnson argues in response that he made his motion shortly after learning that the Song Cypress Hill used was the 1969 version, not the 1972 version. But Johnson's argument fails for several reasons.

First, as the judge noted, in March, 2006, Johnson was on notice that his claim was deficient when Wright (the owner of Twinight Records) stated in his declaration that the tape Johnson submitted to the Copyright Office did not include a recording of the Song. Second, in May 2007, Johnson's co-author, Watts, withdrew the infringement claim for sound recording copyright SRU-360-891 from his complaint, and left only his claim under composition copyright PA 1-192-702. Third, in October 2007, Johnson learned from Muggerud's deposition

testimony that his claim under SRU-360-891 was baseless. Yet Johnson did not file a motion to amend his complaint until May 2008, seven months after Muggerud's deposition revealed that Cypress Hill used the 1969 version of the Song (which could not be copyrighted), and years after he was on notice that the SRU-360-891 copyright did not cover the Song. Accordingly, the judge did not abuse his discretion when he denied Johnson's motion to amend the complaint. *See, e.g., Methodist*, 10 F.3d at 1304 (affirming denial of motion to amend when district judge found that even if plaintiff's proposed amendment were based on information learned during depositions, plaintiff did not move until four or five months later); *Feldman v. American Memorial Life Insurance Co.*, 196 F.3d 783, 793 (7th Cir. 1999) (affirming denial of motion to amend based on five-month delay after discovering the facts that allegedly necessitated the amendment); *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) (affirming denial of motion to amend when plaintiff "ha[d] not explained why he waited [three and a half months]" to add additional defendants).

Moreover, the judge found that Johnson's new state law claims for misappropriation would cause Cypress Hill substantial prejudice. Johnson argues, however, that the second amended complaint was merely clarifying the legal basis on which he was relying. Again, Johnson misstates the facts. Johnson's amended complaint sought to drop his claim of sound recording copyright infringement of SRU-360-891 and introduce two new claims: a claim for state law misappropriation, and a claim for infringement of composition copyright PA 1-192-

702. Discovery had long been closed, and Cypress Hill had filed a motion for summary judgment. Allowing Johnson to amend his complaint would mean additional discovery focused on whether misappropriation had occurred under Illinois state law. *See Board of Trade of the City of Chicago v. Dow Jones & Co., Inc.*, 456 N.E.2d 84, 88-89 (Ill. 1983). Thus, in addition to the lengthy delay, allowing Johnson to change the course of the litigation four years into the case would be prejudicial to Cypress Hill. *See Methodist*, 10 F.3d at 1302-04.

Furthermore, "[t]here must be a point at which a plaintiff makes a commitment to the theory of [his] case." *Methodist*, 10 F.3d at 1304. Johnson's request to change his claims on the eve of summary judgment is exactly the sort of switcheroo we have counseled against. *See, e.g., Feldman*, 196 F.3d at 793 (finding that the prejudice that would result from amendment that would have added a new claim "well after the close of discovery and on the eve of summary judgment proceedings" was so apparent that the district court was not required to articulate the basis for its decision).

Johnson's second claim is that the district judge did not have the authority to enter summary judgment because his failure to register a copyright deprived the court of subject-matter jurisdiction and, therefore, the action should have been dismissed pursuant to Fed. R. Civ. P. 12(h)(3). We review questions of subject-matter jurisdiction *de novo. Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

As Cypress Hill notes, and as Johnson acknowledged at oral argument, this claim fails. In *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010), the Court held that the copyright registration requirement of 17 U.S.C. § 411(a) "is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1241. Therefore, Johnson's argument that the district court lacked subject-matter jurisdiction over his claim fails, as it is foreclosed by *Reed Elsevier*. The court had jurisdiction and properly granted Cypress Hill's motion to dismiss, as Johnson failed to prove a valid copyright in the Song.

Johnson's third argument is that the district court improperly awarded attorney's fees under 17 U.S.C. § 505. Section 505 of the Copyright Act allows a district court to award both costs and attorney's fees to a "prevailing party" in a copyright infringement action. *See also, Woodhaven Homes & Realty, Inc. v. Hotz*, 396 F.3d 822, 824 (7th Cir. 2005) (quoting *Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 437 (7th Cir. 2004)) ("When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption in favor of awarding fees is very strong").

Johnson argues that the judge incorrectly granted fees under Section 505 because the court did not have subject-matter jurisdiction. As we just noted, however, under *Reed Elsevier* the court had subject-matter jurisdiction and, therefore, correctly applied Section 505. Thus, the only question is whether the judge properly awarded fees.

The judge found that because it was undisputed that Cypress Hill was the prevailing party, and that Johnson's infringement claim was legally baseless—he did not have a valid copyright in the Song—he could not overcome the "very strong" presumption to grant reasonable costs and attorney's fees. We agree. Johnson maintained his claim under SRU-360-891 for four years despite clear notice that the claim was frivolous and objectively unreasonable, as the Song was not covered under the copyright and, moreover, was not eligible for copyright protection. *See Woodhaven*, 396 F.3d at 824. He has done nothing to rebut the presumption. Accordingly, the judge properly awarded costs and attorney's fees to Cypress Hill under Section 505.

Johnson's final claim is that the judge improperly held that the *Johnson II* amended complaint was barred by *res judicata*. We review the district court's dismissal of a lawsuit on *res judicata* grounds *de novo. Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822 (7th Cir. 2006). *Res judicata* prohibits parties "from re-litigating issues that were or could have been raised in" a previous action in which there was final judgment on the merits. *Highway J Citizens Group v. U.S. Dep't of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006). Essentially, *res judicata* embodies the principle that "claims 'based on the same, or nearly the same, factual allegations' must be joined," *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997), and a prior judgment can "foreclos[e] litigation of a matter that never has been litigated, because of a determination that it should have been

advanced in an earlier suit." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n.1 (1984).

For *res judicata* to apply, three factors are necessary: "(1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits [in the earlier action]." *Prochotsky v. Baker & McKenzie*, 966 F.2d 333, 334 (7th Cir. 1992). A cause of action means "'a single core of operative facts' which give rise to a remedy*." Golden v. Barenborg*, 53 F.3d 866, 869 (7th Cir. 1995) (internal citation omitted).

Johnson concedes that the same parties are involved in both actions, but argues that the claims are not identical and that there was no final judgment on the merits in the first action. Johnson's argument fails on both points. First, Johnson asserts that the claims are not the same because the original action was based on copyright infringement, whereas *Johnson II* is based on state claims of unfair competition and misappropriation. But, as Cypress Hill correctly notes, "[t]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Tartt*, 453 F.3d at 822 (internal citation omitted); *see also Bethesda Lutheran Homes & Services, Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001) ("[F]or purposes of res judicata a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy"). Here, the facts in both claims are unquestionably identical. Johnson's second argument—that the original case was not decided on the merits because the action should have been dismissed for lack of subject-matter jurisdiction—fails under *Reed*

*Elsevier*. Thus, the judge correctly granted Cypress Hill's motion to dismiss *Johnson II*, finding the amended complaint barred by *res judicata*.

For these reasons, the judgment of the district court is AFFIRMED.