**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 21, 2012[*]
Decided March 21, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-2418

| | |
|---|---|
| MAHENDRA R. MEHTA, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 11 C 645 |
| ATTORNEY REGISTRATION AND | |
| DISCIPLINARY COMMISSION OF THE | Elaine E. Bucklo, |
| SUPREME COURT OF ILLINOIS, et al., | *Judge*. |
|     *Defendants-Appellees*. | |

**O R D E R**

Mahendra Mehta sued the Illinois Supreme Court, the Illinois Attorney Registration and Disciplinary Commission, and a Review Board of the Commission under 42 U.S.C. § 1983. He contends that an order of the Illinois Supreme Court suspending his license to practice law violated his right to due process. The district court dismissed Mehta's

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). Because the suspension order was the final judgment of a state court, we affirm the district court's judgment dismissing the suit under *Rooker-Feldman*.

The Administrator of the Commission filed a disciplinary complaint against Mehta in 2008. *See* ILL. SUP. CT. R. 753(b). The complaint alleged that Mehta converted more than $100,000 in real-estate escrow funds and lied to an Illinois court about his authority to take the funds from his client. After a three-day evidentiary hearing, a Hearing Board appointed by the Commission found that Mehta had violated four rules of professional conduct and recommended that he be disbarred.

While the Hearing Board's recommendation was pending before the Commission's Review Board, *see* ILL. SUP. CT. R. 753(d), the Administrator petitioned the Illinois Supreme Court under its Rule 774(a) to suspend Mehta's license, *see* ILL. SUP. CT. R. 774. Because the petition initiated a proceeding in the Illinois Supreme Court, the clerk assigned the petition a docket number and ordered Mehta to show cause why he should not be suspended. Mehta argued that any discipline should wait until the Commission resolved the Hearing Board's recommendation, but the court was unpersuaded. It entered "judgment" and issued a mandate on December 29, 2010, that suspended Mehta's license "effective immediately and until further order of Court."

One month later, while the Hearing Board's recommendation was still pending before the Review Board, Mehta sued in federal district court, alleging that the suspension violated his right to due process. He argued that the Illinois Supreme Court's order created an "unconstitutional risk of bias" in the Review Board and asked the district court to vacate the order and dismiss the underlying disciplinary complaint. After the appellees moved to dismiss, Mehta sought to amend his complaint by adding individual defendants whom the Commission had appointed to hear his case. The district court dismissed the complaint under *Rooker-Feldman* because Mehta had repeatedly asserted that his claims were "inextricably intertwined" with the suspension order and denied as moot his request to amend his complaint. Five days before the dismissal, in a case docketed separately from the petition to suspend Mehta's license, the Illinois Supreme Court accepted the Hearing Board's recommendation to disbar Mehta.

On appeal Mehta argues that since the Administrator petitioned under Rule 774, which authorizes only an "interim" order of suspension, and since that order suspended his license merely "until further order" of the court, the order was not a final judgment. Thus, Mehta concludes, *Rooker-Feldman* does not bar his suit. *See* 28 U.S.C. § 1257(a); *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011). But Mehta misunderstands the concept of finality.

State law determines the finality of a state judicial decision, *see United States v. Kashamu*, 656 F.3d 679, 683 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 1046 (2012); *U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 628 (7th Cir. 2003), and here Illinois law provides that an interim suspension order *is* a final judgment in the Rule 774 proceeding in which it is issued. Illinois Supreme Court Rule 771(a) provides that "[a]ll orders imposing discipline pursuant to these rules . . . are final when filed by the clerk of the court." And Rule 774 contemplates orders to suspend an attorney "until further order of the court."

A Rule 774 suspension is "interim" only in the sense that a later case, initiated separately in the Illinois Supreme Court to seek disbarment, might supersede it. That happened here: The Illinois Supreme Court disbarred Mehta after his suspension, but it did so in a separate case litigated after it had already issued the mandate for its earlier, final judgment suspending his license in the Rule 774 proceeding. Because the earlier judgment was final and preceded his federal lawsuit, *Rooker-Feldman* bars this suit. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced . . . ."). Thus, Mehta's only recourse was to file a petition for certiorari with the Supreme Court of the United States. *See Kan. City S. Ry. Co. v. Koeller*, 653 F.3d 496, 503 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 855 (2011).

Mehta also argues that the district court abused its discretion by declining to let him amend his complaint, but courts need not permit amendment when it would be futile. *Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011). Here, adding individual defendants would not have restored jurisdiction because the complaint would still have sought review of the Illinois Supreme Court's judgment and therefore have been barred by *Rooker-Feldman*.

Accordingly, we AFFIRM the judgment of the district court.