NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2012[*]
Decided June 21, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3660

| | |
|---|---|
| DANIEL KELLER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:11-cv-1323-JMS-TAB |
| MONROE COUNTY SHERIFF'S | |
| DEPARTMENT, | Jane E. Magnus-Stinson, |
| *Defendant-Appellee*. | *Judge*. |

### O R D E R

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Daniel Keller appeals from the dismissal of his civil rights suit against the Monroe County Sheriff's Department, which Keller calls the "Police Department," on the basis of res judicata. We affirm.

In late 2011 Keller sued the Monroe County Sheriff's Department for wrongly framing and investigating him in connection with murders that purportedly occurred decades earlier. The district court allowed Keller to proceed *in forma pauperis* but dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), finding that his claims were barred by res judicata because he had lost a nearly identical lawsuit just months earlier. In that earlier proceeding, in which Keller also proceeded *in forma pauperis*, the court informed him of pleading deficiencies in his complaint and two amended complaints before ultimately dismissing his third amended complaint under § 1915(e)(2)(B)(ii) for failing to allege a facially plausible claim for relief. *Keller v. Monroe County Sheriff's Dep't*, No. 1:11-cv-387-JMS-DML (S.D. Ind. May 12, 2011). We dismissed his appeal in that case after he failed to pay the docketing fee. *See* CIR. R. 3(b).

In this appeal Keller reasserts his charges against the Sheriff's Department and adds that they have been responsible for new crimes since the dismissal of his prior suit.

We agree with the district court that Keller's second suit is barred by res judicata. Res judicata bars an action if there was a final judgment on the merits in an earlier case and both the parties and claims in the two lawsuits are the same. *See Matrix IV, Inc. v. American Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011); *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011). These criteria are readily met. The parties in both cases are the same, and although Keller accuses the Sheriff's Department of committing new crimes since his first suit was dismissed, he has not identified any new wrongs the department has committed against him. As for the remaining criterion, while it is true that a dismissal under § 1915(e)(2)(B) is not a "judgment on the merits," *see Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999), a § 1915(e)(2)(B) dismissal can have a res judicata effect over future *in forma pauperis* suits, *see Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Because Keller's second suit was also brought *in forma pauperis*, it is precluded by the claims from his first suit that were based on the same facts. *See Gleash v. Yuswak*, 308 F.3d 758, 759–60 (7th Cir. 2002) (dismissal of suit under § 1915(e)(2)(B)(ii) precluded second, nearly identical suit filed *in forma pauperis*); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205–06 (2d Cir. 2002) (dismissal under the *in forma pauperis* statute qualifies as an adjudication on the merits carrying preclusive effect for purposes of subsequent *in forma pauperis* actions raising same claims).

Accordingly, we AFFIRM the judgment of the district court.