NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012[*]
Decided August 28, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-2047

| | |
|---|---|
| NEAL CONROY,<br>    *Plaintiff-Appellant,*<br><br>v.<br><br>CITY OF CHICAGO,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 12-cv-2325<br><br>John W. Darrah,<br>*Judge.* |

**O R D E R**

Neal Conroy sued the City of Chicago under 42 U.S.C. § 1983 claiming that he was deprived of a $2 road flare and a bulletproof vest without due process of law. The district court screened and dismissed the complaint for failure to state a claim, *see* 28 U.S.C. 1915(e)(2)(B)(ii), and Conroy appeals. We affirm the judgment.

---

[*]The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Conroy's complaint has two similar claims, which he calls "stories." The first dates to the summer of 2010 when police officers responding to a citizen's complaint that he was shirtless detained him briefly at a street festival and confiscated the road flare from his pocket. (Conroy does not contest the detention.) He said nothing about an effort to reclaim the flare. Conroy's second "story" is that, five months before the flare incident, different police officers had arrested him for entering a sewer and confiscated the bulletproof vest he was wearing. Conroy's lawyer succeeded in getting the criminal charge of reckless conduct dismissed but could not persuade the judge to order return of the vest—and anyway, Conroy surmises, the police earlier had destroyed the vest without authorization. Conroy's appeals to the state appellate and supreme courts were not successful in obtaining an order to return the vest. His claim in this suit about the vest is copied word-for-word from a complaint he filed in an earlier federal lawsuit against the City that was dismissed for failure to state a claim. *See Conroy v. Chicago Police Dep't*, No. 12-cv-1579 (N.D. Ill. Mar. 21, 2012). The district court described these "stories" as patently frivolous.

So too is this appeal. Conroy does not challenge the dismissal or develop a legal argument for us to review, *see* FED. R. APP. P. 28(a)(9)(A); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), nor could he. Regarding the vest—claim preclusion aside, *see Matrix IV, Inc., v. Am. Nat'l Bank and Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011); *Johnson v. Cypress Hill*, 641 F.3d 867, 874 (7th Cir. 2011)—Conroy appears to concede that it was a state judge, not the City's police force, who decided that the vest should not be returned, but the judge is not a defendant and if he was would enjoy absolute immunity for this judicial act, *see Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Smith v. City of Hammond*, 388 F.3d 304, 306 (7th Cir. 2004). And Conroy does not allege that seizing and keeping lawfully possessed property is police policy, so the City is not the appropriate defendant either. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Conroy's failure to allege a department policy also dooms his claim about the road flare. At all events he cannot claim that the actions of the unnamed police officers deprived him of due process because Illinois provides him with adequate post-deprivation remedies, the existence of which precludes a due process claim, like this one, based on a random and unauthorized act of government officials. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993).

**AFFIRMED**.