NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2014[*]
Decided July 2, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 13-3834 & 13-3840

| | |
|---|---|
| JOZETTE GREENFIELD, | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellant*, | |
| *v.* | |
| | Nos. 13 C 8442 |
| DEUTSCHE BANK AG, | 13 C 6773 |
| GREEN RIVER CAPITAL, LLC, | |
| and RISING REALTY, LLC, | James B. Zagel, |
| *Defendants-Appellees*. | Matthew F. Kennelly, |
| | *Judges*. |

---

[*] The named defendants are not participating in these appeals. After examining the appellant's briefs and the records, we have concluded that these appeals are appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

**O R D E R**

An action to foreclose a mortgage on Jozette Greenfield's home was filed in the Circuit Court of Cook County, Illinois, in 2007. Greenfield contested the foreclosure as improperly filed and also asserted that the loan secured by her mortgage had been paid in full. She did not prevail, however, and eventually was evicted from the residence. Then in 2009 she brought the first of three federal lawsuits against defendants involved in the mortgage foreclosure. Greenfield renewed her objections to the (now completed) foreclosure and also claimed that the named defendants had violated the Fair Debt Collection Practices Act, *see* 15 U.S.C. §§ 1692–1692p, throughout the foreclosure proceedings. Judge Darrah dismissed that suit for lack of subject-mater jurisdiction, relying on the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). That doctrine precludes federal courts other than the Supreme Court from reviewing state-court judgments in civil cases. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011); *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533, 534 (7th Cir. 2004). Greenfield did not appeal that decision, which was entered in June 2012.

Instead, more than a year later she filed the two lawsuits underlying these consolidated appeals. Both of Greenfield's one-paragraph complaints assert that she was wrongly evicted from her home, and in the first of those complaints, she asked the court to "reverse the eviction." Judge Kennelly presided over the first of these lawsuits and ordered Greenfield to show cause why the action should not be dismissed under *Rooker-Feldman*. Greenfield filed a response that adds to the facts in her complaint and implores Judge Kennelly to return her home, but says nothing about subject-matter jurisdiction. Judge Kennelly dismissed the complaint in open court on the basis of *Rooker-Feldman*. The next month Judge Zagel entered an order dismissing Greenfield's remaining complaint for the same reason.

On appeal Greenfield reasserts her disagreement with the outcome of the state-court foreclosure action, but she does not question the district court's *Rooker-Feldman* analysis except to say that the doctrine is inapplicable because she never received a jury trial. But the application of the *Rooker-Feldman* doctrine does not turn on whether a state-court judgment was entered with or without a jury trial. *See, e.g., Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 717–19 (7th Cir. 2012) (affirming dismissal under *Rooker-Feldman* doctrine when plaintiff asked to set aside state-court judgment overturning, without a jury trial, an Illinois commission's decision favorable to

plaintiff); *Mehta v. Attorney Registration & Disciplinary Comm'n of the Sup. Ct. of Ill.*, 681 F.3d 885, 886–87 (7th Cir. 2012) (affirming dismissal under *Rooker-Feldman* doctrine when plaintiff asked to set aside order of Illinois Supreme Court, issued without trial, suspending attorney's license).

As Greenfield makes no other appellate claim, the judgments are **AFFIRMED**.