NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 27, 2014[*]
Decided October 28, 2014

Before

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-1911 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| KENNETH KARL DITKOWSKY and JoANNE MARIE DENISON, *Plaintiffs-Appellants,* | |
| *v.* | No. 14 C 375 |
| ADAM STERN, *et al.,* *Defendants-Appellees.* | Ronald A. Guzmán, *Judge.* |

**Order**

A state judge adjudicated Mary Sykes mentally disabled and appointed her daughter Carolyn Toerpe as guardian. Her other daughter, Gloria Sykes, disapproved of her sister's appointment and retained attorney Kenneth Ditkowsky to investigate what could be done. Ditkowsky proceeded to seek Mary Sykes's medical records by repre-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

senting that he was her attorney. That misrepresentation is among the misdeeds that has led the Supreme Court of Illinois to suspend Ditkowsky for at least four years. Order M.R. 26516 (S. Ct. Ill. Mar. 14, 2014). This court likewise has suspended Ditkowsky from practice. Order D-14-0017 (7th Cir. May 15, 2014).

In addition to misrepresenting the identity of his client, Ditkowsky and a colleague, attorney JoAnne Denison, launched a crusade against everyone concerned with the guardianship—Carolyn Toerpe, the judge, Mary Sykes's guardians ad litem, and others. Through websites, petitions, emails, and blogs, they accused these persons of theft, bribery, and other misconduct. They did not, however, identify any evidence of crime; they treated their dissatisfaction with Carolyn Toerpe's appointment as sufficient justification for making sweeping and unsupported accusations. This campaign of vilification is a second reason the Supreme Court of Illinois has suspended Ditkowsky from practice. The Attorney Registration and Disciplinary Commission of Illinois has opened a proceeding against Denison by filing a complaint charging her with conduct unbecoming an attorney; that proceeding is ongoing.

Ditkowsky and Denison have responded with this suit under 42 U.S.C. §1983 against four persons: Jerome Larkin, the ARDC's Administrator; one of Carolyn Toerpe's attorneys; and two court-appointed guardians ad litem who represented Mary Sykes's interests during phases of the state litigation. The complaint alleges that the defendants violated plaintiffs' constitutional right to speak freely about what was happening in the guardianship proceedings. The district court dismissed the suit.

To the extent the judge relied on the *Rooker-Feldman* doctrine, this was a mistake. Denison is not subject to a state court's order, and although Ditkowsky's arguments are not perfectly clear, we do not understand him to be attempting to upset the order suspending him from practice. And this suit was commenced before there was a state-court order to attack. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005); *Mehta v. Attorney Registration & Disciplinary Commission*, 681 F.3d 885, 887 (7th Cir. 2012). But this error does not matter, because many other grounds support the district court's order.

To the extent plaintiffs sue Larkin in his official capacity, he is a proxy for the ARDC itself, and a state (or state agency) is not a "person" that can be sued under §1983. See, e.g., *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). To the extent plaintiffs sue Larkin in his personal capacity, seeking damages, the suit fails because he enjoys a quasi-judicial (or perhaps prosecutorial) absolute immunity. See *Kissell v. Breskow*, 579 F.2d 425, 430 (7th Cir. 1978). Plaintiffs reply that immunity is unavailable to persons who act outside the scope of their authority (*ultra vires*), which is true in principle, but

accusing a state official of exceeding his authority does not make it so. Plaintiffs appear to believe that any public official who errs or abuses his authority necessarily lacks authority. If that were so, then no official ever would enjoy immunity; any act that could lead to liability also would dissipate the immunity. That is not the Supreme Court's view. There is a gulf between acting improperly and acting without colorable authority. See, e.g., *Stump v. Sparkman*, 435 U.S. 349 (1978).

The other defendants are outside the scope of §1983 because they are not state actors. See, e.g., *Gross v. Cicero*, 619 F.3d 697, 709 (7th Cir. 2010); *Kirtley v. Rainey*, 326 F.3d 1088, 1093–94 (9th Cir. 2003); *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986). Plaintiffs attempt to overcome this problem by accusing them of conspiring with Larkin, but they do not supply specifics beyond saying these defendants complained to the ARDC about plaintiffs' conduct. See *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011). Complaints to governmental agencies, far from being a source of liability, are protected by both the Petition Clause of the First Amendment and an immunity doctrine. See, e.g., *Rehberg v. Paulk*, 132 S. Ct. 1497 (2012). A complaining witness whose non-testimonial accusations lead to someone's arrest may be outside the scope of the immunity discussed in *Rehberg* and similar decisions, but plaintiffs do not claim to have been arrested, and §1983 is not a substitute for the state-law torts of defamation and malicious prosecution. See, e.g., *Newsome v. McCabe*, 256 F.3d 747, rehearing denied, 260 F.3d 824 (7th Cir. 2001).

Defendants have not filed a motion under Fed. R. App. P. 38 seeking sanctions for a frivolous appeal. But the appeal *is* frivolous, as is the suit. We have chosen not to initiate sanctions on our own, but plaintiffs must understand that they cannot move their campaign of vilification from the Internet to the courthouse and expect the judiciary to be unconcerned. Denison has already filed and lost a second suit related to these events. *Denison v. Larkin*, No. 14 C 1470 (N.D. Ill. Aug. 13, 2014). Ditkowsky represented her in that proceeding until his license to practice law was suspended, and Denison has not appealed from the adverse decision. We take this as a sign that the litigation is over. If that proves to be wrong, however, Ditkowsky and Denison must understand that frivolous litigation will not be tolerated. (Ditkowsky has already been suspended from this court's roll of attorneys, and Denison is not a member of our bar, so sanctions would take a financial form rather than that of attorney discipline.)

AFFIRMED