**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 4, 2017*
Decided June 9, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3943

| | |
|---|---|
| SHARIF HAMZAH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 13-cv-491-wmc |
| | |
| WOODMAN'S FOOD MARKET, INC., | William M. Conley, |
| *Defendant-Appellee.* | *Judge*. |

## O R D E R

Sharif Hamzah brought this action in 2013 alleging that managers at a Woodman's Food Market harassed and eventually fired him because he is heterosexual, over 40, and non-white. The district court, relying on long-standing circuit precedent, told Hamzah that he could not base a claim of employment discrimination on sexual orientation but otherwise allowed his suit to proceed. Later the court granted summary judgment for Woodman's on all but Hamzah's allegations of race discrimination, which a jury then

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See Fed. R. App. P. 34(a)(2)(C).

rejected. In this appeal Hamzah challenges the jury's verdict and the judge's pretrial rulings dismissing the rest of his claims. We affirm the judgment in favor of Woodman's.

Hamzah is African-American and partly of Cherokee ancestry. In 2011 he was 46 years old and worked as a utility clerk for Woodman's, a regional grocer based in Janesville, Wisconsin. His job duties at one of the Woodman's stores in Madison included helping customers load groceries into their cars and retrieving shopping carts from the parking lot. Before he was fired, Hamzah already had been warned about insubordination, and when he moved a line of carts after supervisor Jacob Bemis told him not to, he was fired by store manager Dale Martinson.

Hamzah then filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634. He alleged that immediately before he was fired, Bemis had told him "this is a gay thing" and that, at their Woodman's store, "non gays or bisexuals aren't welcome for long." Bemis also had said, according to the complaint, that Hamzah did not "belong to the right ethnic group." Hamzah added that Bemis and another supervisor, Gabe Oruruo, had been harassing him for some time because he had complained about them to the Woodman's corporate office, and that Oruruo also had made comments about his age and heterosexual orientation.

Hamzah was pro se and proceeding in forma pauperis, so the district court screened his complaint. See 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike[.]"). The court ruled that discrimination "based solely upon a person's sexual preference or orientation (and not on one's sex) is not an unlawful employment practice under Title VII." *Hamzah v. Woodman's Food Market, Inc.*, No. 13-cv-491-wmc, 2014 WL 1207428, at *2 (W.D. Wis. March 24, 2014), quoting *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 704 (7th Cir. 2000). The court also informed Hamzah that his allegations were too sparse even to satisfy Federal Rule of Civil Procedure 8(a); the case could proceed on his remaining allegations, the court said, only if Hamzah amended his complaint.

Hamzah did so, omitting his allegations concerning sexual orientation and adding more detail about his other theories. On the day he was fired, Hamzah said, Bemis had told him that "blacks don't work with whites," while minutes later Oruruo had chimed in that Hamzah did not "belong to the right ethnic group." Bemis also had told him, Hamzah alleged, that he was "too old to work on parcel and carts." Hamzah added that he had sent complaints to the corporate office "asking for help in remedying the abusive

and hostile environment," which prompted a warning from store manager Martinson to stop complaining or be fired.

The district court screened this second complaint and allowed Hamzah to proceed on his allegations that Woodman's had created an environment hostile to his age and race, had fired him because of his race, and had retaliated for his complaining to the corporate office. But the court reasoned that Hamzah had not said enough to allege a causal connection between his age and his discharge. For that reason the court did not allow him to proceed on his claim that age was another motivating factor for his discharge.

After discovery on the surviving allegations, Woodman's moved for summary judgment. Hamzah had been deposed and had complied with the defendant's discovery requests, though he had not engaged in discovery himself. In opposing the defendant's motion, Hamzah called attention to the complaints he had sent to the corporate office but otherwise did not introduce or rely upon admissible evidence. Yet Woodman's had introduced Hamzah's deposition, which echoes the allegations in his complaints about racist remarks by supervisors Bemis and Oruruo. A jury could infer, the district court reasoned, that their prejudice influenced store manager Martinson to fire Hamzah, and thus that Woodman's was responsible for racial discrimination under a "cat's paw" theory of liability. See *Woods v. City of Berwyn*, 803 F.3d 865, 869 (7th Cir. 2015). In contrast, the court granted summary judgment for Woodman's on Hamzah's allegations of harassment based on his age and race, reasoning that Hamzah's deposition testimony had recounted only isolated comments that did not raise an inference of a hostile work environment. The court also concluded that Hamzah could not proceed to trial on a theory of retaliation, because his written complaints to the corporate office described disagreements with supervisors about routine discipline without mentioning age or race and thus did not constitute protected activity.

The district court recruited counsel to represent Hamzah at trial. The lawyer wanted to add a claim for breach of contract, but the district court refused to allow amendment on the ground that Hamzah's employment had been at will so a contract claim would have been futile. A jury then found for Woodman's on the only claim presented, that Hamzah was fired because of his race. After the trial, Hamzah's lawyer withdrew.

As we understand his appellate brief, Hamzah makes four arguments: (1) the district court should have allowed him to proceed with a claim of discrimination based on sexual orientation, (2) the court erred in granting summary judgment on his allegations of retaliation and a work environment hostile to his age, (3) the court abused

its discretion in not allowing him to amend his complaint, and (4) the court and his lawyer committed procedural errors at trial. The last of these is too undeveloped to merit discussion, so we say no more about it. Woodman's insists, though, that Hamzah's entire brief violates Federal Rule of Appellate Procedure 28(a)(8), which requires that a brief contain an argument and reasons to support it. As Woodman's points out, Hamzah's brief is cursory and lacks citations to legal authority. But we construe pro se filings liberally and "will address any cogent arguments we are able to discern in a *pro se* appellate brief." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017); see *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Hamzah's brief articulates his positions and cites relevant parts of the record. We can "identify an articulable basis for error in his brief," see *Haxhiu v. Mukasey*, 519 F.3d 685, 691–92 (7th Cir. 2008), and apparently so can Woodman's, as it has responded thoroughly to each of Hamzah's contentions. We see no reason to dismiss the appeal on this ground.

Hamzah's brief raises one issue on which we recently reversed course—the treatment of sexual orientation under Title VII. Contrary to our position expressed in *Hamner,* upon which the district court relied, we recently held that Title VII *does* prohibit discrimination based on sexual orientation. *Hively v. Ivy Tech Community College of Indiana*, 853 F.3d 339 (7th Cir. 2017) (en banc). Under *Hively*, Hamzah's allegations about being discharged based on his sexual orientation likely state a claim. Woodman's responds, however, that such a claim is barred because Hamzah did not raise it with the Equal Employment Opportunity Commission before filing suit. See *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 831 (7th Cir. 2015) (explaining that filing administrative charge with EEOC is precondition for Title VII suit). Hamzah submitted to the district court a copy of his administrative charge, which was filed with the Wisconsin Equal Rights Division and the EEOC. In that charge, Hamzah marked the check-boxes for discrimination on the basis of race, retaliation, and age, but not sex. In the narrative section of the charge, he did not include any factual allegations related to his sexual orientation. To sue under Title VII in federal court, "the relevant claim and the EEOC charge must, at a minimum, describe the same conduct and implicate the same individuals." *Huri*, 804 F.3d at 831–32. Hamzah's sexual-orientation claim is not reasonably related to his EEOC charge, and thus he could not raise it for the first time in federal court. See *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666–67 (7th Cir. 2013) (upholding dismissal based on plaintiff's failure to rebut Title VII defense of failure to exhaust administrative remedies).

That leaves Hamzah's challenges to the district court's other rulings. First, Hamzah contends that the district court should not have granted summary judgment for Woodman's on his theory that the company discriminated against him by creating a work

environment hostile to his age. We agree with the district court that Hamzah presented insufficient evidence of a hostile work environment based on a single comment that he was "too old to work on parcel and carts." An isolated comment like this was neither severe enough nor pervasive enough to create an objectively hostile work environment. *See Racicot v. Wal-Mart Stores, Inc.*, 414 F.3d 675, 676–78 (7th Cir. 2005) (concluding that claim of hostile work environment could not rest on supervisor's single comment that if plaintiff "were younger, [she] could pick up the boxes").

We also agree with the district court that Woodman's was entitled to summary judgment on Hamzah's retaliation claim. To succeed on a retaliation claim, a plaintiff must have engaged in activity protected by Title VII or other anti-discrimination laws, such as complaining about discrimination to management. *Cole v. Board of Trustees of Northern Illinois Univ.*, 838 F.3d 888, 901 (7th Cir. 2016). Hamzah's letters to Woodman's challenged the bases for several disciplinary actions, but he did not complain explicitly or implicitly about discrimination. Such general complaints are not protected under Title VII or the ADEA. See *id*.

Hamzah's challenge to the district court's decision not to allow him to amend his complaint fares no better. Regardless whether Hamzah's contract claim had conceivable merit, the district court did not abuse its discretion by declining to allow the new claim to be added after discovery had closed, the defendant's motion for summary judgment had been resolved, and trial had been scheduled. See *Johnson v. Cypress Hill*, 641 F.3d 867, 871–73 (7th Cir. 2011) (no abuse discretion in denying leave to amend complaint after discovery closed and substantive motions were filed); *Cleveland v. Porca Co.*, 38 F.3d 289, 297–98 (7th Cir. 1994) (same).

Accordingly, the judgment of the district court is AFFIRMED.