**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 26, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MYICHAEL Y. SCUDDER, *Circuit Judge*

No. 18-1456

| | |
|---|---|
| DARREYLL THOMAS,<br>　　*Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-496-bbc |
| MEREDITH MASHAK, *et al.*,<br>　　*Defendants-Appellees*. | Barbara B. Crabb,<br>*Judge*. |

## O R D E R

Darreyll Thomas, a Wisconsin inmate, asserts that Wisconsin Department of Corrections employees failed to provide him his mental-health medication for over a week, causing him to suffer a plethora of symptoms. He sued those employees for being deliberately indifferent toward his need for medication, in violation of the Eighth Amendment, and negligent under Wisconsin law. The district court entered summary judgment for the defendants. On appeal, Thomas challenges two procedural rulings—the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

denials of his motion to amend his complaint and his motion to compel discovery—and the entry of summary judgment on his negligence claim. We affirm.

Thomas discovered on August 15, 2014 that he had run out of one of his drugs for post-traumatic stress disorder. Without it, he suffered vision changes, headaches, panic attacks, hallucinations, nightmares, irritability, and suicidal thoughts. At the prison, when an inmate's medication supply is low, both the inmate and the officers who distribute medicine are responsible for submitting refill requests to the Health Services Unit. Thomas submitted a request on August 19. Meredith Mashak, then-manager of the Unit, responded on August 22 that she had reviewed his medication records and "d[id] not see a pattern of late issue." She did not order a refill. That same day, Thomas submitted another request. Different staff in the Unit approved that request and dispensed his medication on August 23.

Based on these events, Thomas filed suit. He sued Mashak, Gwen Schultz (then a Corrections Unit supervisor), and James Greer (the director of the Department of Corrections' Bureau of Health Services) for being deliberately indifferent, as well as negligent under state law, by failing to reorder his medication when he ran out. Thomas served notice to the Wisconsin attorney general via first-class mail.

At screening, *see* 28 U.S.C. § 1915A, the district judge determined that Thomas stated Eighth-Amendment deliberate-indifference claims, *see* 42 U.S.C. § 1983, and state-law negligence claims. She observed that Thomas was "not suing the staff … responsible for ordering his medication," but rather administrators who had ineffective policies for reordering medications and staff who did not heed his request for a refill.

Later, in a preliminary pretrial conference order, a magistrate judge informed Thomas of the relevant federal rules of civil procedure, including the rule that governed amending complaints. The magistrate judge advised him that he could amend his complaint only by the court's leave and warned, "[t]he longer you wait to ask …, the less likely it is that the court will allow you to amend."

During discovery, Thomas, through interrogatories, sought to obtain the names of all of those who witnessed or had knowledge of "the incident." The defendants objected that Thomas's reference to "the incident" was vague, and Thomas moved under Federal Rule of Civil Procedure 37 to compel them to answer. The magistrate judge denied his motion because Thomas did not address the defendants' objections or try to clarify the nature of his requests.

One week before the due date for dispositive motions, Thomas moved to amend his complaint, proposing to add as John Doe defendants the officers whom he blamed for not asking for more medication when he ran out of it. The district judge denied it as untimely, explaining that the amendment "would unfairly prejudice defendants and require the court to set a new schedule for the case."

The district judge ultimately granted the defendants' motion for summary judgment. On Thomas's negligence claims, she concluded that Thomas did not adhere to Wisconsin's requirement that he serve the state attorney general by certified mail, and alternatively, that the defendants were entitled to summary judgment on the merits because Thomas failed to show that Schultz and Greer breached a duty toward him or that Mashak's conduct harmed him.

Thomas's briefs on appeal are terse and do little to engage the district court's reasoning, *see* FED. R. APP. P. 28(a), but we read them liberally as challenging the district court's refusal to permit him to amend his complaint to add as defendants the officers whom he faults for not ordering a refill of his medication.

The district judge did not abuse her discretion in denying Thomas's motion. Plaintiffs may amend their pleadings by leave of court, which courts give when justice so requires, *see* FED. R. CIV. P. 15(a)(2), but courts have "broad discretion" to deny leave when there is undue delay or amendment would prejudice the defendants, *Johnson v. Cypress Hill*, 641 F.3d 867, 871–72 (7th Cir. 2011). Amendment may be prejudicial when it would require the parties to engage in substantially more discovery. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017); *Bell v. Taylor*, 827 F.3d 699, 705–06 (7th Cir. 2016). Thomas's motion was untimely: not until one week before the deadline for dispositive motions did he move to amend his complaint. *See Johnson*, 641 F.3d at 873 ("[Plaintiff's] request to change his claims on the eve of summary judgment is exactly the sort of switcheroo we have counseled against."). By this time, the district judge had informed him (at screening) that he did not sue the officers responsible for ordering his medication, and the magistrate judge had warned him (at the outset of discovery) that delay would weaken any prospect of amendment. And the proposed addition of unnamed defendants, the district judge reasonably concluded, would require the court to start the case over.

Thomas also generally challenges the magistrate judge's denial of his motion to compel the defendants to produce the names of the witnesses to "the incident." But district courts have broad discretion in discovery matters, and we will not reverse a ruling denying a motion to compel without "a clear showing that the denial of discovery resulted in actual and substantial prejudice." *See James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir.

2013). Thomas has not tried to refute the defendants' objection that his request was vague, nor has he shown how the denial of the motion prejudiced him.

Finally, Thomas asserts that exhausting his administrative remedies would be futile. But this contention misses the mark. The district judge evaluated his claims on the merits, and we see no error in her conclusions.

AFFIRMED